## Commonwealth ex rel. McManus *v*. Ricketts.

*Public officers—Municipalities—Cities of the third class—Tax Receiver—Acts of May 4, 1871, P. L. 539, May 23, 1874, P. L. 230 and May 23, 1889, P. L. 277.*

When the city of Wilkes-Barre incorporated under the special act of May 4, 1871, became, by appropriate proceedings, a city of the third class under the general acts of May 23, 1874 and May 23, 1889, the person holding the office of tax receiver, an office created by the act of May 4, 1871, was entitled to continue in office until the end of his term, although such office was not elective.

Not decided whether the office of tax receiver in the city of Wilkes-Barre is abolished after the expiration of the term of the present incumbent.

Argued April 9, 1900. Appeal, No. 305, Jan. T., 1900, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1899, No. 283, on case stated in the suit of Commonwealth ex rel. Bernard McManus, City Treasurer v. R. Bruce Ricketts, Tax Receiver. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the title to office.

The facts appear by the opinion of the Supreme Court.

The court entered judgment in favor of the defendant on case stated.

*Error assigned* was the judgment of the court.

*John T. Lenahan*, with him *Edward A. Lynch* and *C. F. McHugh*, for appellant.—The legislature has the power to abolish or change offices which are legislative only and not constitutional without infringing upon any constitutional right of the possessor of the office, and without violating any duty of the legislative body: Com. v. Weir, 165 Pa. 284. The right to an office is not the right of the incumbent to the place, but of the people to the officer. An office therefore not constitutional exists by the will of the legislature only, and may be abolished at any time, and the incumbent has no standing to complain: Lloyd v. Smith, 176 Pa. 213 ; Bartlet v. King, 12 Mass. 537; Daviess v. Fairbairn, 3 How. (U. S.) 636; Sifred v. Com., 15 W. N. C. 374.

There being no such office as the one of receiver of taxes designated or mentioned in the laws for cities of the third class no powers or duties could, therefore, attach: Nichols v. Squire, 5 Pick. (Mass.) 167 ; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 239; Com. v. MacFerron, 152 Pa. 249.

*Henry W. Palmer*, for appellee.—The special act providing for the receiver is not supplied or repealed by the general act of 1889, incorporating cities of the third class: Killgore v. Com., 94 Pa. 495 ; In re Eleventh Ward Case, 70 Pa. 92.

When the legislature has vested special powers in a particular body, for certain special purposes, a general act, subsequently passed, will not override those special powers: London, etc.,

Ry. Co. v. Board of Works, 26 L. J. N. S. Chancery, 164; Queen v. Champneys, 6 L. R. Common Pleas Cases, 384; United States v. One Case of Hair Pencils, 1 Paine, 400.

The act of 1889, providing for a treasurer and specifying his duties which include the collection of city taxes, is not so inconsistent with the act of 1871, providing for the office of receiver of taxes, that both cannot stand: Dwarris on Statutes, 154; Easton Bank v. Com., 10 Pa. 448.

Implied repeals are not favored: In re Egypt Street, 2 Grant, 455; Jefferson County v. Reitz, 56 Pa. 44; Street v. Commonwealth, 6 W. & S. 209; Howard Assn.'s Appeal, 70 Pa. 346; Shinn v. Commonwealth, 3 Grant, 205; In Re-election of A. P. Barber, 5 W. N. C. 350.

OPINION BY MR. JUSTICE MITCHELL, July 11, 1900:

In April, 1898, Wilkes-Barre was a city of the third class, but under a special charter granted in 1871. The charter provided for a tax receiver and in accordance with its provisions, the appellee was duly appointed for a term of three years. His appointment and title at that time are unquestioned. In September of the same year, by ordinance and other proper proceedings Wilkes-Barre surrendered its charter of 1871 and became a city of the third class under the general Acts of May 23, 1874, P. L. 230, and May 23, 1889, P. L. 277. It is claimed by appellant, city treasurer under the new government, that the appellee's functions as tax receiver were thereby terminated, and this is the question for decision.

It is agreed in the case stated that the change was made under section 57 of the Act of 1874, P. L. 269, and it is to that we must turn for a solution. By its provisions the city after the date of the governor's certificate shall be governed and controlled by the act, but all its property and estates shall remain vested in the city unchanged and as before the surrender; "all of the elected officers therein shall hold their respective offices until the expiration of the term for which they were respectively elected, and shall have all of the rights and powers which belong by law to them respectively, under the laws in existence at the date of the surrender as aforesaid; no such acceptance shall be construed to be a repeal or surrender of any rights, powers, privileges and franchises heretofore conferred by law

on such city, not inconsistent with the provisions of this act; the mayor and councils, school directors or controllers and other officers of such city shall continue to hold their respective offices until the Friday succeeding the third Tuesday of February next following the date of the expiration of their office as fixed by law before the surrender of the former charter." The object of these provisions relating to the continuance of the officers until the expiration of their respective terms, is plainly to make the change in government with as little disturbance as possible of the current routine of the city business. Perhaps incidentally also they were intended to prevent a dominant majority in councils from vacating all the offices at will and starting a new scramble, by a flank movement of this kind bringing the city under a different law. It is true that the clause first quoted mentions only elected officers, but the last clause makes no such restriction. It includes the mayor and councils, school directors or controllers and " other officers," and provides that they shall hold their respective offices until after " the date of the expiration of their office as fixed by law before the surrender of the former charter." Looking at the clear general intent, to continue the current city business without a break, the only fair construction of the section is to include such offices of general and important function in the government of the city as that of tax receiver, though not elective. The duties of the tax receiver and the city treasurer are not wholly incompatible, as is shown in the opinion of the learned judge below, and for the adjustment of their respective powers, at least temporarily, we may quote what was said on a similar question in Lloyd v. Smith, 176 Pa. 213: " In an exchange of offices there may naturally be some overlapping of terms and duties, and if in the legislative view the need for a controller was immediate, but the existing terms of the auditors prevented his present assumption of all the duties that would finally pertain to his office, it would not have been unwise, certainly not unconstitutional, to meet the case by a temporary expedient. The legislature has not done so expressly, but it has passed an act which can best be carried out by such a construction. In adopting it we are preserving the substance and plain intent of the act, without doing violence to any of its terms."

This view disposes of the contention so far as the present

party defendant is concerned, and entitles him to judgment. The larger question whether the office of tax receiver is abolished after the expiration of the term of the present incumbent, or may continue under the charter of 1871, notwithstanding the election of a city treasurer under the later acts, is therefore not raised by the case stated, and must wait until it is brought before us by proper parties on a new record.

Judgment affirmed.