WILLIAM BOYLAN v. THE BOARD OF POLICE COMMIS-. SIONERS OF THE CITY OF NEWARK.

The act of March 25th, 1885 (*Pamph. L.*, *p.* 163), regulating the tenure of office in police departments, does not forbid the abolition of an office or rank in the department, for the purpose of reducing public expenses.

On *certiorari.*

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutor, *Frank E. Bradner.*

For the defendant, *Sherrerd Depue* and *William B. Guild.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up resolutions of the board of police commissioners of the city of Newark, passed November 22d and December 6th, 1892, abolishing the office or rank of police sergeant, which had been created by the board and was then held by nine persons, of whom the prosecutor is one. The validity of the resolutions is assailed on the ground that under the act of March 25th, 1885 (*Pamph. L.*, *p.* 163), the prosecutor could not be legally removed from his office or employment except for the causes therein speci- fied, and then only after charges had been preferred against him and he had been tried and convicted thereon.

The case shows that the office or rank was abolished *bona fide* for the purpose of reducing the expenses of the department, upon the judgment of the commissioners that, because of the introduction of a signal system, the duties of the nine sergeants could be performed by four men, whom they denominated "roundsmen." Since the abolition, those duties appear to have been discharged by roundsmen never exceeding six in number, and the public outlay has been diminished about five thousand dollars per annum.

These circumstances, we think, take the case out of the range of the act of March 25th, 1885, and bring it within the principles laid down in *Evans* v. *Freeholders of Hudson*, 24 *Vroom* 585, and *Newark* v. *Lyon, Id.* 632.

Upon those authorities the proceedings of the commissioners are affirmed, with costs.