EDMUND T. HULANISKI, APPELLANT *v.* OGDEN CITY, A MUNICIPAL CORPORATION, RESPONDENT.

CITY JUSTICE CITY OFFICER—UNDER SEC. 176 C. L. U. 1888—CONST. ART. 25, SEC. 3—OFFICE OF CITY JUSTICE—RECOGNIZED BY CONST. —CONST. ART. 21, SEC. 1—SALARY OF CITY JUSTICE—CANNOT BE ABOLISHED OR ALTERED AFTER ELECTION — SEC. 1772 C. L. U. 1888—CONST. ART. 25, SEC. 3—SEC. 225 R. S. 1898.

*City Justice City Officer— Under Sec. 176 C. L. U. 1888 — Const. Art. 25, Sec. 3.*
> Under Sec. 176, C. L. U. 1888, continued in force by Sec. 3, Art. 25, Const., a city justice of the peace is a city officer, in cities of the second class.

*Office of City Justice—Recognized by Const.—Const. Art. 21, Sec. 1.*
> The office of city justice of the peace is recognized by Const. Sec. 1. Art. 21.

*Salary of City Justice.— Cannot be Abolished or Altered After*
*Election—Sec. 1772 C. L. U. 1888—Const. Art. 25, Sec. 3—Sec. 225*
*R. S. 1898.*

Under Sec. 1772 C. L. U. 1888, continued in force by Const.
Art. 25, Sec. 3, and under Sec. 225 R. S. 1898, in effect before
plaintiff qualified as a city justice of the peace, any attempt
on the part of a city council to abolish or alter the salary of
such justice and fix it at an amount less than the amount
provided by ordinance at the time of plaintiff's election is
void and of no effect as to plaintiff.

( Decided July 8, 1899. )

Appeal from the Second District Court, Weber County,
Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to recover a certain sum which he
claims to be due as a part of his salary as city justice of
the peace of Ogden City.   From a judgment for defend-
ant plaintiff appeals.   *Reversed.*

*James N. Kimball, Esq.*, for appellant.

Chapter LXIX, page 261, laws of 1897.   Section 2481,
R. S. 1898.   Revised statutes, section 205, relating to
ordinances.

Section 225 provides that the compensation of the officers
of the city shall not be increased or diminished to take
effect during the term for which any such officer was
elected or appointed.

A city charter forbidding any change in the mayor's
salary during the term of his office is infringed by an
ordinance providing that after the expiration of the term
of the then mayor, the mayor should serve without com-
pensation.   *State* v. *Nashville,* 15 Lea, 697, 54 Am. Rep.
427.

Where the words of a statute prescribing compensation

to a public office are loose and obscure and admit of two interpretations they should be construed in favor of the officer. *U. S.* v. *Morse*, 3 Storey, 87. Sutherland Stat. Con., Sec. 419.

The last act fixing the salary of a public officer will repeal an earlier one fixing a different salary.

Chapter 69, page 261, laws 1897, being expressly made subsequent to revised statute consequently repeals any inconsistent provision in revised statute. *Pierpont* v. *Crouch*, 10 Cal. 315. Sutherland Stat. Con., Sec. 140, p. 184.

Constitutional provision against altering compensation during term applies to officers subsequently elected whose salaries were fixed by previous laws. *Gross* v. *Kenfield*, 57 Cal. 626.

Common council of a municipal corporation are strictly limited to the exercise of those powers which are specifically conferred upon them or such are as necessary to carry into effect the powers expressly given. *State* v. *Mayor*, 34 N. J. L. 432.

*E. M. Allison. Jr., Esq.* and *W. H. Smith, Esq.*, for respondent.

A person who accepts an office to which no compensation is attached is presumed to serve gratuitously, and he cannot·recover anything even upon the ground of an implied contract to pay what the services are worth. Mechem Public Officers, Sec. 856; Throop Public Officers, sec. 443, 446; *Locke* v. *Central City*, 4 Colo. 65; *Haswell* v. *Mayor*, 81 N. Y. 255; 1 Dillon Mun. Corp. (4th ed.) Sec. 230; *Sikes* v. *Hatfield*, 13 Gray 347.

For if the compensation attaching to the office could not be increased or diminished either *before, during or after* plaintiff's term, then it could never be changed, If the

salary attached to the plaintiff's office had been decreased instead of abolished, before his term commenced, the law would compel him to serve for the salary so reduced; and, if during his term of office, the salary of the office had been reduced his successor would be compelled to accept the reduction. If it should be increased the successor could compel the payment of the salary so increased. Throop Public Officers, Sec. 465; *Smith* v. *Waterbury*, 4 Conn., 174; Mechem Public Officers, sec. 858; *Stuhr* v. *Hoboken*, 47 N. J. L. 147.

When the salary or compensation *has not been fixed at all* at the time of the election and qualification of the officer, such a provision does not prevent its being fixed *after the term begins.*    Mechem Public Officers, Sec. 858.    Throop Public Officers, Sec. 467.    *Rucker* v. *Supervisors*, 7 W. Va. 661; *Puling* v. *York County*, 113 Pa. St. 108; *State* v. *McDowell*, 19 Nebr, 442; *Purcel* v. *Packs*, 82 Ill. 346.

A municipal corporation may, unless restrained by charter, reduce or otherwise regulate the salaries of its officers according to its view of expediency and right. 1 Dillion Mun. Corp. (4th ed.) Sec. 231.    19 Am. & Eng. Ency. of Law, 526–27.

Baskin, J.

In this action the plaintiff seeks to recover $48.50 which he claims in the second count of his complaint is due to him from the defendant, as part of his salary, as city justice of the peace of Ogden City, for the months of March, April and May, 1898.    The following facts were found by the trial court, and are not disputed by either of the parties to the action, to-wit:

" That the plaintiff was, on the 2d day of November, 1897, duly elected to the office of city justice of the peace

in and for Ogden City, a city of the second class in Weber County, Utah, for the term beginning on the first Monday in January (January 3, 1898,) and that said plaintiff thereafter, to-wit, on the said 3d day of January, 1898, duly qualified as such city justice of the peace and entered upon the discharge of the duties pertaining to said office, and that he is now, and ever since said 3d day of January, 1898, has been such duly elected qualified and acting city justice of the peace.

That the revised ordinances of Ogden City, duly passed and approved November 14, 1894, in an ordinance entitled "An Ordinance Making a Readjustment of the Salaries of the Mayor and other Officers of Ogden City," fixed the salary of the City Justice of the Peace at $1,000 per annum, payable in equal monthly installments of $83.33 on the last day of each and every month.

That on the 20th day of December, 1897, the City Council of Ogden City duly passed, and on the 24th day of December, 1897, the Mayor of said city duly approved an ordinance which repealed the ordinance of November 14, 1894, and abolished the salary of $1,000 per annum, therein provided for; said ordinance was thereafter duly deposited in the office of the City Recorder and thereupon duly published as required by law, and by its terms was not to take effect until Dec. 31, 1897.

Then on the 17th day of January, 1898, the City Council of Ogden City duly passed, and on the 18th day of January, 1898, the Mayor of said city duly approved an ordinance entitled "An Ordinance Fixing the Salaries of the Mayor and other officers of Ogden city." In this ordinance the salary of the City Justice of the Peace was fixed at $750 per year. The ordinance in terms provided that it should take effect on the 3d day of January, 1898, when approved by the Mayor, which was done on the 18th day of January, 1898.

That said ordinance was duly deposited with the city recorder, and published as required by law. The salary thus provided for was payable in equal monthly installments at the end of each month.

That the plaintiff, as such City Justice of the Peace, has been fully paid for all services rendered to said city as such City Justice of the Peace, each and every month, from the 3d day of January, 1898, to the 8th day of February, 1898, both days inclusive, by a payment in full of all fees earned by plaintiff, in accordance with the schedule set out in the statutes of the State of Utah regulating fees of justices of the peace.

That plaintiff has been paid from and including the 9th day of February, 1898, and is still paid by defendant city, a regular salary of $750 per annum, payable in equal monthly installments on the last day of each and every month, in accordance with the ordinance passed by said city council on the 17th day of January, 1898, fixing the salaries of the mayor and other officers of Ogden City, and said payments were received by plaintiff without waiving any rights he might have under the state fee bill.

If under these facts the plaintiff is entitled only to a salary of $750 per annum, then he has been fully paid for the months of March, April and May, 1898, and should therefore not recover; but if he is entitled to a salary of $1,000 per annum, then he should recover the balance of his salary, claimed in the second count.

Sec. 3, Art. 25, of the Constitution, provides, that, "All laws of the Territory of Utah now in force, not repugnant to the Constitution, shall remain in force until they expire by their own limitations or are altered or repealed by the legislature."

At the date of the adoption of the Constitution, Sec. 1761 of the Comp. Laws of 1888, creating the office of

City Justice of the Peace was in force, as also Sec. 1790, defining the duty of said justice as follows: "The judicial power of the city shall be vested in the justices of the peace of such city. Said justices shall have exclusive jurisdiction of cases arising under, or by reason of the violation of any ordinance or by-law of said city, and shall have the same jurisdiction as other justices of the peace in cases arising under the laws of the Territory."

The office of City Justice of the Peace is recognized by Sec. 1, Art. 21 of the Constitution.

From these provisions it is clear that a city justice of the peace is a city officer. The ordinances of Ogden City, heretofore referred to, recognize this fact.

Sec. 1772, Comp. Laws of 1888, is as follows: "The mayor and councilmen of any city shall receive such compensation as the city council may by ordinance direct, but their compensation shall not be changed during the term of office; and all other officers may receive a salary, fee or other compensation to be fixed by ordinance; and after the same has once been fixed, such fees or compensation shall not be increased or diminished to take effect during the term for which any such officer was elected or appointed."

This section was also in force at the adoption of the Constitution and at the date of the election of the plaintiff.

Sec. 225 of the Rev. Statutes, 1898, is as follows:

"All officers of any city shall receive such compensation as may be fixed by ordinance, but the compensation of any such officers shall not be increased or diminished to take effect during the time for which any such officer was elected or appointed."

This section went into effect on the 1st of January, 1898, two days before plaintiff qualified.

Under these statutory provisions could the salary of the

plaintiff, after his election, be abolished or diminished "so as to take effect" during the term of two years for which he was elected? There is no ambiguity in the language used. It is plain that the intention of the legislature was to prohibit any change of the salary of a city officer, after his election or appointment to take effect during his term. It is admitted that the salary of city justices of the peace, fixed by ordinance, at the time this plaintiff was elected, was one thousand dollars, and that he was elected for the term of two years beginning on January 3d, 1898. The salary was abolished up to January 18, 1898, at which time it was fixed at $750.

The ordinances of Ogden City abolishing and diminishing the salary of the office of city justice of the peace, after the plaintiff was elected, and to take effect during the term for which he was elected, are void, as to plaintiff.

This view of the case renders it unnecessary to consider the questions raised on the first count in the complaint.

It is ordered that the judgment be reversed, with costs, and that the case be remanded with instructions to the court below, to enter judgment in favor of the plaintiff for forty-eight dollars and fifty cents, with the accrued interest.

BARTCH, C. J., and MINER, J., concur.