FRED MEISSNER, Appellant *v.* JOHN A. BOYLE, Mayor of Ogden City, et al, Respondents.

City Council—Cities of Second Class — Control over Police Department—Discharged Employés—Right to Salary—Sec. 225 R. S. 1898—Prohibition of.

*City Council—Cities of Second Class—Control over Police Department—Discharged Employés—Right to Salary.*

The city council of a city of the second class having, by statute, control over the police department of such city, may abolish such offices, as it sees fit, in said department, and employés discharged thereby are not thereafter entitled to be paid any salary.[1]

*Sec. 225 R. S. 1898—Prohibition of.*

Sec. 225 R. S. 1898 prohibits any change of the salary of a city officer, after his election or appointment, to take effect during the time for which he was elected or appointed.[2]

(Decided Oct. 30, 1899.)

Appeal from the Second District Court, Weber county, Hon. H. H. Rolapp, *Judge.*

Application by plaintiff for a writ of mandamus to enforce payment for services alleged to have been performed by himself and another as patrolmen of police in Ogden city. From a judgment denying the writ plaintiff appeals. *Reversed.*

*Messrs. Maginnis & Halverson,* for appellant.

*Messrs. Richards & Allison* and *William H. Smith, Esq.,* for respondents.

[1] *Heath* v. *Salt Lake City,* 16 Utah, 374.
[2] *Hulaniski* v. *Ogden City,* 20 Utah, 233.

BASKIN, J.

This is a case in which the plaintiff, who is the appellant, seeks by mandamus to enforce payment for services alleged to have been performed by himself and his assignee, D. O. Sullivan, as patrolmen of police of Ogden city.

The record does not contain the evidence, and therefore the only question presented is, whether the findings of the trial court warrant the conclusions of law and the judgment rendered thereon.

The trial court found that the petitioner and his assignor, D. O. Sullivan, were duly appointed to the office of patrol policemen of Ogden City on the 10th day of March, 1894, and soon thereafter qualified, and continued to be such officers up to and including the 13th day of May, 1898; that on the 10th day of May, 1898, the city council of said city, duly passed, and on the 11th day of said month, the mayor duly approved an ordinance in which it was ordained, among other things, that the police department of Ogden City should consist of three patrolmen, instead of seven, as theretofore fixed by an ordinance of said city, to which the ordinance first mentioned was an amendment; that Secs. 1 and 2 of said amendment are as follows, towit: "Section 1. That the police and prison department of Ogden City shall consist of the following officers, men, and employees, each of whom shall receive the monthly compensation as provided by ordinance which shall be in full payment of all services rendered by them, and each of them, to the city: One chief of police, one detective, one day jailer, who shall also act as police court clerk, one night jailer, three patrolmen. Section 2. That the chief of police of Ogden City shall immediately upon the approval of this ordinance by the

mayor, designate the three patrolmen now in office as such, to, and who shall continue in office under the provisions of this ordinance, and the ordinance of which this is amendatory, and shall also at the same time, give all patrolmen, or persons claiming to be patrolmen of Ogden City, other than and in addition to the three patrolmen designated to continue in office as aforesaid, written notice of their permanent discharge and dismissal from the service of the city in the police department thereof, said discharge and dismissal to take effect upon the receipt of such notice."

The Court further found "That on the 13th day of May, 1898, the Chief of Police of said Ogden City, in pursuance of the said ordinance of May 10, duly designated the three patrolmen to remain in office, and duly gave written notice to all other patrolmen then serving on the police force of said city, including this plaintiff and the said D. O. Sullivan, that they were permanently dismissed, discharged and removed from the office of patrolmen of police of said city, said dismissal to take effect upon the receipt of said notice as provided in said ordinance."

As a conclusion of law from said findings, the court found, "That the ordinance of May 10, 1898, set forth in Finding No. 5, abolished four of the offices of patrolmen of police of said Ogden City, and reduced the number of such officers from seven to three, and that after the 13th day of May, 1898, the day upon which the said plaintiff and the said Sullivan were notified in writing by the Chief of Police of Ogden City of their permanent discharge, dismissal and removal from the office of patrolmen of police, the said plaintiff and the said D. O. Sullivan, or either of them, had no further right to exercise the office of patrolmen of police or to receive any of the fees or emoluments thereunto pertaining."

The first objection made in appellant's brief is based upon the foregoing findings of fact and law. The ground of the objection is that the city council of Ogden City had no power under the statutes of the state to reduce the number of patrolmen of said city. Ogden is a city of the second class.

The power of city councils of cities of the first and second class was fully considered and passed upon in the case of *Heath* v. *Salt Lake City*, 16 Utah, 374.

In that case, the city council of Salt Lake City, by ordinance, reduced the police force from 49 to not to exceed 41, but did not designate what members of the police force should be retired. In pursuance of said ordinance the chief of police suspended, without pay, subject to the future action of the fire and police commission, 8 patrolmen. Said commission, which had not then been abolished, and which had control of the police department of said city, affirmed the action of the chief and permanently suspended said patrolmen. Afterwards, Horace A. Heath, who was one of the parties suspended, procured, from the other patrolmen, so suspended, an assignment of their claims, and sought by mandamus, to enforce the payment of a claim for salaries accruing after said suspension. This court held, in an opinion delivered by the present chief justice, that, "The fact that the city council failed to name each officer who should be discharged by reason of the abrogation of a certain number of offices is immaterial. We think the designation of the members of the department who were to be dismissed in pursuance of the ordinance was properly a matter for those who had supervision and control of the department, they being doubtless more familiar with the requirements of the public cervice. The members designated, having thus been discharged because of the abrogation of their offices, had thereafter

no valid claim against the municipality for salaries, in the absence of any contractual relations existing between them and the municipality, and therefore the appellant cannot recover in this action."

The city council of Ogden, at the time the said appellant and his said assignor were suspended, had control of the police department of said city, and as did the commission in the case referred to, affirmed the action of the Chief of Police in suspending said patrolmen of Ogden City.

We are of the opinion that the former case is decisive of the present one, on the point under consideration, and that the offices of said patrolmen were abolished under said ordinance of May 10, 1898, and that after that time they were not entitled to be paid any salary.

The trial court further found "That plaintiff and the said Sullivan have each been paid since the 3d day of January, 1898, the sum of $185.26, for and on account of their salary as such patrolmen of police, and that no further sum has been paid them or either of them, said payments being made monthly, on the last day of each and every month at the monthly rate of $70 per month."

It was further found that prior to the 20th day of December, 1897, the salary of patrolmen of Ogden City, was fixed by ordinance at $75.00 per month, but afterwards, during the term of appellant, and his assignor, it was reduced to $70.00 per month.

The second ground of objection, made in appellant's brief, is that said parties were entitled to a salary of $75.00 per month, during their term.

Sec. 225 of the Rev. Stat. provides that " All officers of any city shall receive such compensation as may be fixed by ordinance, but the compensation of any of such officers shall not be increased or diminished to take effect during the time for which any such officer was elected or appointed."

In the case of *Hulaniski* v. *Ogden City*, reported in 20 Utah 233, 57 Pac. 876, this court held, that the plain intention of said provision was to prohibit any change of the salary of a city officer, after his election or appointment, to take effect during the time for which he was elected or appointed.

The appellant was entitled to recover for his own and his assignor's services, as patrolmen, at the rate of $75.00 per month, less the amounts paid to appellant on account of the same, during the whole period of such services. This sum was not awarded to appellant by the lower court.

No other objection was made by counsel for appellant. It is therefore ordered that the judgment be set aside, and that the case be remanded, with directions to the court below to render judgment for appellant in accordance with the foregoing opinion, and that respondent pay the costs of this appeal.

BARTCH, C. J., and MINER, J., concur.