### In re LAZENBY.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

**1. POLICE—POWER TO DISCHARGE.**

A city charter providing that no member of the regular police force shall be removed, except for inefficiency, misconduct, or neglect of duty, does not prevent a discharge for purpose of reducing the force on account of a lack of appropriations.

**2. SAME—POLICE PENSION FUND.**

Any interest of a policeman in the police pension fund, which was not created by his voluntary contribution, does not deprive the city of power to discharge him.

Appeal from special term, Chemung county.

In the matter of the application of William L. Lazenby for a peremptory writ of mandamus against the board of police of the city of Elmira. From an order denying his application, he appeals. Affirmed.

The application by the appellant, Lazenby, was for a peremptory writ of mandamus restoring him to the office of a member of the regular police force of the city of Elmira. Prior to the 11th day of June, 1902, the appellant had been a member of said police force. Under the rules of the department, the position of roundsman was created, the duties of which office are to make periodical visits to see that the policemen in different parts of the city are properly performing their duties. There were two roundsmen, one of them connected with the day force, and the other with the night force; these two men exchanging duties after certain periods. Upon the 11th day of June, 1902, the board of police, which, under the charter of the city of Elmira, had control of the police force of the city, passed a resolution abolishing the office of roundsman in connection with the day force; and this appellant, who was then acting as such roundsman, was discharged at the close of his duties on June 15, 1902. The resolution recited that it was for the purpose of reducing expenses. Section 183 of the city charter provides, "No member of the regular police force shall be removed therefrom except by the concurring vote of at least four members of the board of police at a stated regular meeting of said board, and except for inefficiency, misconduct or neglect of duty, and after reasonable notice of the charges against him and an opportunity to be heard in his defense before said board." Application for mandamus to compel relator's reinstatement was denied by the special term, and from the order denying such application this appeal has been taken. Further facts appear in the opinion.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Roswell R. Moss, for appellant.

Charles B. Swartwood, for respondent.

SMITH, J. The appellant challenges the attempted removal—First, as being ineffective to remove him from the regular police force, because the office of roundsman, simply, is abolished; and, secondly, as being ineffective to remove him because of his right to hold said position until discharged for inefficiency or misconduct, and after a hearing. We have no doubt that the action of the police board operated to discharge the relator from the police force, if such action was authorized. The roundsman was a member of the regular force, with certain specified duties. The abolition of the office of roundsman would not of itself operate to discharge the relator. Such action only would reduce him to the rank of a regular police officer. In addition to that, however, by the resolution he was not reduced to the rank of a police officer, but was, in terms, discharged. By this language the intent of the board was, I think, clearly expressed to discharge the relator from the regular police force.

The question remains as to the authority of the board to abolish the office and discharge the relator. In People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554, it was held that, "by virtue of the statutes, the authorities of the city of Brooklyn had no right to remove an honorably discharged Union soldier of the late war from an appointive and salaried position, such as that of keeper or superintendent of the truant house, except for good cause shown, and hearing had; but if such a position is abolished in good faith and for sufficient reason, as, e. g., on the ground of economy, this statutory limitation has no application." See, also, Phillips v. Mayor, etc., 88 N. Y. 245; Lethbridge v. Mayor, etc., 133 N. Y. 232, 30 N. E. 975. The police force of the city of Elmira can only be paid by appropriations made by the common council of the city. For the year in which the discharge was attempted, the appropriation for the police force was $29,000. To pay the police force as it stood at the time of the adoption of this resolution, the sum of upwards of $33,000 was required. It became necessary to reduce that force. That reduction was made by reducing certain salaries of members of the force, and also by discharging the driver of the patrol wagon and two members of the regular police force, in addition to the relator, Lazenby. The good faith of the police board in discharging Lazenby for purposes of economy is well sustained in the record. It is claimed by the relator that the salaries could have been reduced, and thereby sufficient funds found for his payment. It does not appear, however, that the salaries were any more than a fair compensation for the labor done; and it cannot be assumed that the legislature intended to give the relator a life appointment, if it were necessary to secure the same by reducing the salaries below a fair compensation for the services done, and thereby necessitating the employment of inefficient officers. With a right in the board to reduce the force for motives of economy, the right to discharge the relator can hardly be questioned. He was in no way preferred as a volunteer fireman or as a veteran. The relator's claim that he had a vested right in the police pension fund, which would prevent his discharge, is untenable. That fund was not in any way created by his voluntary contribution, and by its creation the legislature could not have in-

tended to deprive a municipality of its power to discharge a member of the force when necessary for economic reasons. The right to discharge a municipal servant for such reason is so essential to good government and wise administration that the court will not deny it to municipal authorities except under clear mandate of the statute. We see no reason for disturbing the conclusion reached by the special term.

Order affirmed, with $10 costs and disbursements. All concur.