## CITY OF SHAWNEE v. HEWETT.

No. 2532.    Opinion Filed February 18, 1913.

(130 Pac. 546.)

**MUNICIPAL CORPORATIONS—Discharge of Officers—Insufficiency of Revenue.** Where the revenues of a city are not sufficient to pay an assistant chief of the police, the council have the right to discontinue the office, and to discharge the incumbent of that office without charges having been preferred against him.

(Syllabus by Rosser, C.)

*Error from Pottawatomie County Court;*
*E. D. Reasor, Judge.*

Action by John Hewett against the City of Shawnee. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*E. E. Hood* and *W. M. Engart,* for plaintiff in error.

Opinion by ROSSER, C.    This was an action by John Hewett against the city of Shawnee to recover an amount which he claims the city owed him for salary for the month of January, 1908, as assistant chief of police for said city. The case was tried upon an agreed statement of facts, which is as follows:

"First. It is agreed that John Hewett was the regularly appointed, qualified, and acting assistant chief of police of the city of Shawnee on the 31st day of December, 1907, at a salary as provided by ordinance duly passed providing for assistant chief of police, of seventy-five ($75) dollars per month, which ordinance was in force and effect during the month of January, 1908.

"Second. That after the adoption of the Constitution, and prohibition went into effect in this state, the revenues of the city dropped off to a large extent, and, in order to economize, the mayor and council on the 3d day of December, 1907, adopted the following resolution and motion: 'Motion by Clayton seconded by Day that the mayor appoint a committee of four to act in conjunction with himself to investigate the various departments of the city, and ascertain as best they can where retrenchments can be made, thus curtailing the expenses of the city as much as it is possible to do so. Motion carried. The mayor appointed the following members of the committee: Clayton, Pierson, Love and Wayne.' That on the 19th day of December said committee made a report to the mayor and council in compliance with said resolution, a copy of which report is hereto attached, marked 'Exhibit A,' and made a part of this agreed statement of facts: 'Report of Council Ways and Means Committee. To the Mayor and Council of the City of Shawnee —Gentlemen: After a careful investigation into the financial and other conditions of the fire department, police department and street department of the city with a view to bring the cost of their maintenance within the limits of the revenues, your committee recommends as follows: 1st. That one man be cut off from the central fire station force and that for the protection of property the two substations be maintained as at present. 2d. That the day force of police shall consist of the chief of police, two patrolmen and a desk sergeant. The night force to consist of two patrolmen, one of whom may be designated as assistant chief, the office of which we hereby recommend be abolished; and one to be the merchant's police, and a desk sergeant; we also recommend that the city cannot at present maintain a city detective. This reduction will place the cost of the force $490.00 per month, a saving of $315, monthly. We further recommend that the cost of feeding the city prisoners who are used on street work shall be borne by the poll tax and street revenues. 3rd. We further recommend that no horses shall be fed or kept with the city teams at the city's expense. We recommend that these changes take place on January 1st, 1908.

R. H. Clayton, Chairman. J. W. Wayne, W. T. Love, Committee.————————, Mayor.' Report of ways and means committee which was appointed by the mayor at the last council meeting to investigate the various departments of the city in regard to curtailing the expenses as much as possible was read. Motion by Lain seconded by Wayne that the report be adopted. Report was adopted. Thereupon the following action was had: 'Motion by Clayton seconded by Wayne that the mayor and chief of police carry out the recommendation of the ways and means committee report. Motion carried.'

"Third. That thereupon and in compliance with said report and its adoption as aforesaid, and the motion giving the mayor and chief power to carry out said report, the mayor and chief of police removed several of the police officers of the city of Shawnee, among which was the above-named plaintiff, said removal to begin on and from the morning of the 1st day of January, 1908, and has not since acted as assistant chief.

"Fourth. That said plaintiff has ever since been ready and willing to perform the said duties provided he was allowed to do so, and that he tendered his services to the chief of police of the city of Shawnee."

This statement shows that the office of assistant chief of police was in effect abolished, at least temporarily, because of lack of revenue to pay the officer. It was not a removal from office because of misconduct or inefficiency. The office was not one the existence of which was necessary to maintain the city government. It was an inferior, appointive office, and not an organic part of the city. Nothing is better settled than that an office may be abolished unless something in the statute or Constitution forbids, or, in the case of a municipality, something in the statute and Constitution, and, when an office is abolished, the incumbent at the time of its abolition has no claim to further compensation, even though he may have been appointed for a term which had not yet expired. The right to an office is not the right of the incumbent to the place, but the right of the people to the officer. *Lloyd v. Smith*, 176 Pa. 213, 35 Atl. 199. Supporting the general proposition, see *Oldham v. Mayor of Birmingham,* 102 Ala. 357, 14 South. 793; *Ford v. Harbor Com'rs,* 81 Cal. 19, 22 Pac. 278; *In re Bulger,*

128 SUPREME COURT OF OKLAHOMA.

City of Shawnee v. Hewett.

45 Cal. 553; *Koch v. Mayor,* 152 N. Y. 72, 46 N. E. 170; *Porter v. Howland,* 24 Misc. Rep. 434, 53 N. Y. Supp. 683; *Lloyd v. Smith,* 176 Pa. 213, 35 Atl. 199; *Commonwealth v. Weir,* 165 Pa. 284, 30 Atl. 835; *State v. McDaniel,* 19 S. C. 114. The rule has been applied to officers of a municipality in the following cases: *City Council of Augusta v. Sweeney,* 44 Ga. 463, 9 Am. Rep. 172; *Phillips v. Mayor, etc., of New York,* 88 N. Y. 245; *Boylan v. Board Police Com'rs,* 58 N. J. Law, 133, 32 Atl. 78; *Meissner v. Boyle,* 20 Utah, 316, 58 Pac. 1110; *Heath v. Salt Lake City,* 16 Utah, 374, 52 Pac. 602; *State v. Police Com'rs,* 80 Mo. App. 206, affirmed in 184 Mo. 109, S. W. 215, 88 S. W. 27; *Lazenby v. Board of Police of City of Elmira,* 76 App. Div. 171, 78 N. Y. Supp. 302; *Venable v. Police Com'rs.* 40 Ore. 458, 67 Pac. 203; *Moores v. State,* 54 Neb. 486, 74 N. W. 823. In the following cases it was held that, where the office was abolished, the provisions of law requiring that the officer should have a hearing before discharge did not apply: *Oldham v. Mayor of Birmingham,* 102 Ala. 357, 14 South. 793; *Phillips v. Mayor, etc., of N. Y.,* 88 N. Y. 245; *Boylan v. Board Police Com'rs,* 58 N. J. Law. 133, 32 Atl. 78; *Heath v. Salt Lake City,* 16 Utah, 374, 52 Pac. 602; *Neumeyer v. Krakel,* 110 Ky. 624, 62 S. W. 518; *State v. Police Com'rs,* 80 Mo. App. 206; *Lazenby v. Board of Police,* 76 App. Div. 171, 78 N. Y. Supp. 302; *Venable v. Police Com'rs,* 40 Ore. 458, 67 Pac. 203. In *Moores v. State,* 54 Neb. 486, 74 N. W. 823, it was held that, before a member of the police department should be discharged for alleged misconduct, unfitness, dereliction of duty, or other causes affecting his character or standing as a public servant, charges must be filed against him, and he must have an opportunity to be heard, and that the right of an officer of the police force to defend himself against formal charges is a right to vindicate himself from an unjust accusation, and not a right to show that the public welfare requires his retention in the public service, or that the revenues at the disposal of the board are adequate for the payment of his salary. That there is no vested interest or right in an office is well settled. See *Taylor v.*

*Beckham,* 178 U. S. 548, 20 Sup. Ct. 890, 44 L. Ed. 1187; *Butler v. Pennsylvania,* 10 How. 402, 13 L. Ed. 472; *Crenshaw v. U. S.,* 134 U. S. 99, 10 Sup. Ct. 431, 33 L. Ed. 825.

In this case the plaintiff was not removed to make way for another to be appointed. Because of the lack of revenues his position was discontinued, as were the services of several other members of the police force. The force was cut down.

The judgment should be reversed and here rendered in favor of the plaintiff in error, the city of Shawnee.

By the Court: It is so ordered.