## Essinger *v.* New Castle, Appellant.

*Public officers—Municipalities—Cities of third class—Removal —Abolition of office—Firemen—Civil service act—Statutes—Construction—Act of May 3, 1917, P. L. 138.*

1. An office which is not constitutional may be abolished at the discretion of the body authorized to create it, unless some legislative inhibition against such action clearly appears.

2. A fireman employed by a city is not a constitutional officer.

3. The Civil Service Act of May 3, 1917, P. L. 138, which protects an employee "for and during good behavior," will not prevent a city of the third class from reducing the number of firemen in order to cut down expenses and discharge certain of them from employment for that reason.

4. In construing a statute, an effort must be made to give it such a reasonable construction that the object, evidently desired to be accomplished by it, may be carried out.

Argued October 3, 1922. Appeal, No. 182, Oct. T., 1922, by defendant, from order of C. P. Lawrence Co., March T., 1922, No. 9, in mandamus proceedings, in case of Charles E. Essinger v. The Mayor and the members of the Council of the City of New Castle. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for mandamus. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Order of reinstatement entered for petitioner. Defendant appealed.

*Error assigned* was order, quoting it.

*Jas. A. Gardner,* City Solicitor, and *Robert M. White,* Assistant City Solicitor, for appellants.—When a person is appointed to a position or employment under acts of assembly, which forbid his dismissal or discharge except for cause and after a hearing, the appointing power may dismiss or discharge such person, notwithstanding the provisions of any such act where the services of the appointee are no longer needed, or the position or place occupied by him has been abolished: Phillips v. Mayor, etc., 88 N. Y. 245; Langdon v. Mayor, etc., 92 N. Y. 427; People v. Mayor, etc., of Brooklyn, 149 N. Y. 215.

*J. Norman Martin,* of *Martin & Martin,* with him *Thomas W. Dickey,* for appellee.—The legislative regulation applicable to the appellee is found in the Act of May 3, 1917, and without compliance with the provisions of this act the council could not remove the employee: Com. v. Black, 201 Pa. 433.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

New Castle is a city of the third class, subject to the Act of June 27, 1913, P. L. 568, and supplementary legislation, and thus acquired the power to establish a paid fire department. In 1917 (Act May 3, 1917, P. L. 138), provision was made for the selection of employees of such municipalities by a civil service board, the appointees to serve "for and during good behavior." Section 6 regulated the manner of suspension and discharge, after charges made and hearing had, resulting in a finding of some violation of the laws of the Commonwealth, ordinance of the city, or rules of the service, by the one named.

Essinger, relator in the present proceeding, after examination, qualified as one of the authorized force of thirty-six salaried firemen. In 1921, the number of em-

ployees was changed to thirty-four, for the purpose, as stated in the preamble to the ordinance, of reducing the cost of the city government. Later, the present petitioner was relieved from duty, though no charges of any misconduct had been lodged against him, and he instituted the present mandamus proceeding to compel reinstatement, contending in the court below that a fireman regularly appointed could not be removed, except after trial for causes specified in the Civil Service Act, though his service was no longer required. This position was sustained, and the city was directed to continue the relator in service at the salary fixed. From this judgment, the present appeal is taken.

The single question now requiring consideration is the right of the city to lessen the number of firemen chosen in the statutory manner, and to reduce the force accordingly when its council determines the furtherance of efficient and economical government makes necessary such action. Admittedly, in the present case, the course pursued was not taken to secure the removal of Essinger on political grounds, or as a mere subterfuge, adopted to reach such end by apparently legal methods, but was a bona fide attempt to cut down the expenses of the city by ceasing to engage one whose services were believed not requisite for the proper conduct of its affairs.

The office involved is not a constitutional one, and there is no reason, therefore, why the body authorized to create it, should not in its discretion abolish it (Com. v. Black, 201 Pa. 433; Lloyd v. Smith, 176 Pa. 213; Com. v. Weir, 165 Pa. 284; Butler v. Pennsylvania, 10 How. 402), unless some legislative inhibition against such action clearly appears. It is suggested this is found in the Civil Service Act, which protects the employee "for and during good behavior." The wording of this statute is sufficiently broad to lend color to this argument, but, in considering it, as in the case of any other act of assembly, an effort must be made to give the reasonable construction required to carry out the object evidently

desired to be accomplished: Citizens E. I. Co. v. L. & W. V. P. Co., 255 Pa. 145; Provident L. & T. Co. v. Klemmer, 257 Pa. 91.

"It is a familiar rule that a thing may be within the letter of a statute and not within the statute, because not within its spirit or within the intention of its makers. This has been often asserted and the reports are full of cases demonstrating its application. This is not the subject of the will of the judge nor that of the legislature, for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the legislation, of the circumstances surrounding its enactment or of the absurd results which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislature intended to include the particular act": Trinity Church v. United States, 143 U. S. 457.

Civil service acts are designed to secure the appointment of competent public servants, and protect them in their employment from attacks on personal grounds, so long as they are well behaved. They are not intended to retain in office at public expense those whose services may be dispensed with for economy. "The purpose of the civil service statute, and of other laws prohibiting the discharge of employees without cause assigned, notice, and a hearing, is to insure the continuance in public employment of those officers who prove faithful and competent, regardless of their political affiliations. These statutes are not intended to affect or control the power of the city council, or the executive officers of the city, to abolish offices when they are no longer necessary, or for reasons of economy. They are not intended to furnish an assurance to the officer or employee that he will be retained in the service of the city after the time when his services are required. They do not prevent his discharge in good faith without a trial, and without notice, when the office or body is abolished as unnecessary, or for reasons of economy": 2 Dillon Municipal Corp. (5th ed.)

805.   In the absence of some constitutional provision or legislative enactment, notwithstanding the Civil Service Act, the municipality may do away with an office created by it, though the effect is the removal of an employee from his situation: 5 R. C. L. 614.   Though not the subject of previous discussion in Pennsylvania, this has been the uniform ruling in many states where consideration has been given to the question: Harker v. City of Bayonne, 85 N. J. L. 176; Washington v. Seattle, 74 Wash. 199, 133 Pac. 11; Shawanee v. Hewett, 37 Okla. 125, 130 Pac. 546; People v. Lindenthal, 173 N. Y. 525, 66 N. E. 407; Gardner v. Lowell, 221 Mass. 150, 108 N. E. 937; note, 4 A. L. R. 205.

Considering the Civil Service Act in the light of its evident purpose, we are led to the conclusion that no intention exists to compel the continued employment of one whose position has become unnecessary.   It is true the act uses the words "during good behavior," and provides for discharge, after hearing, in certain cases where personal wrongdoing is averred, but there is no clear declaration therein that an office may not be abolished when the proper authorities, as here, proceed in good faith, though the effect is a dismissal of one appointed. The position was not a constitutional one, its permanent existence was not protected by the act, and, therefore, it could be terminated in case of necessity.   The learned court below fell into error in holding the contrary, and the assignment of error is sustained.

The decree is reversed, and the petition dismissed at the costs of the appellee.