CHARLES C. SELL

*v.*

THOMAS K. CHAPLIN, *Mayor, et al., etc.*

(No. 15053)

Decided December 10, 1981.

*Solomon & Solomon and David L. Solomon,* for appellant.

*Charles C. Sell,* pro se.

McHUGH, JUSTICE:

Thomas K. Chaplin, Mayor of the city of Westover, appeals from a writ of mandamus granted by Monongalia County Circuit Court, prohibiting him from accepting an increase in his salary pursuant to an ordinance approved by the City of Westover on August 4, 1980. The circuit court viewed the attempted pay raise as violative of *W.Va. Code*, 8-5-12 [1969]. We agree, and accordingly affirm the judgment granting the writ of mandamus.

The meetings of the common council of the City of Westover relevant to this case all occurred in the calendar year 1980. On March 15, the council met. The minutes of that meeting reflect a discussion of the procedures for preparing the City of Westover's 1981 budget. After the March 15 meeting the proposed budget was printed in the local newspaper on four separate occasions. The last two publications included notice of a public meeting to be held on the proposed budget on June 24. Each printing included as a separate budget item the proposed increase in the mayor's salary.

The June 24 public meeting on the budget included a specific discussion of the proposed increase in the salary of mayor. On June 27, the proposed 1981 budget was approved. Included in the budget was the provision of $17,000 per year for the mayor's salary. This represented a $7,000 per year increase in pay for the mayor's office. Apparently, some time after Mayor Chaplin had assumed the duties of his office, the council realized the necessity of passing an ordinance to effectuate any change in the mayor's salary. On August 4, the council gave final approval to an ordinance granting, *inter alia*, the $7,000 salary increase budgeted for the mayor's office.

Mayor Chaplin makes two arguments in support of his entitlement to the salary increase. First, he claims that the common council's approval of the 1981 budget prior to his assuming office on July 1, 1980, satisfied the statutory requirements of the passage of an ordinance to increase his salary and, second, that the ordinance should be

viewed as passed *nunc pro tunc*. We do not agree with either argument.

*W.Va. Code*, 8-5-12, [1969] requires municipalities to fix the compensation of municipal employees "by ordinance". This statute further provides that "the salary of any officer shall not be increased or diminished during his term." Mayor Chaplin does not dispute the fact that no ordinance was passed before the beginning of his term as mayor on July 1, 1980, fixing his salary at the budgeted $17,000. We do not agree with his contention that the actions of council in approving the 1981 budget constitute sufficient compliance with the mandate of *W.Va. Code*, 8-5-12.

First, we note that appellant relies on the March 17 meeting of the council as the "first reading" of a "resolution of council" that the salary for the office of mayor be increased. Appellant's claim that there "was necessarily a discussion of the new salary for the office of mayor" at this meeting is not supported by the record. Nothing indicates that any note was taken of the proposed salary increase. The publication of this item in the budget which appeared in the local newspapers certainly does not give rise to the inference appellant asks that we draw, which is that council discussed and approved a resolution that the salary be increased. There is nothing to lead us to find that there was a first reading of a resolution regarding the mayor's salary at the March 17 meeting.

Additionally, *W.Va. Code*, 8-11-4 [1969] requires two readings of an ordinance prior to passage. Because two readings are required, it is irrelevant whether anything which happened at the June 24 meeting amounted to a resolution regarding the mayor's salary as this would have been the first and only reading of such a resolution before passage. We need not decide whether a resolution which complied with the statutory requirements of an ordinance might be treated as an ordinance in this context. In this case the statutory requirements for the enactment of an ordinance have not been met.

We advert to appellants' second argument in passing. He contends that because the council provided that the ordinance increasing the mayor's salary would be retroactive to a date before he took office, that the ordinance should be viewed as passed *nunc pro tunc*. We disagree.

Article 6, Section 38 of the West Virginia Constitution embodies the policy of this state that salaries of public officers shall not be raised or lowered during their tenure in office, absent the imposition of substantial new duties. To allow the change in salary urged by Mayor Chaplin would defeat the purpose of this constitutional requirement. As we stated in *Harbert v. The County Court of Harrison County*, 129 W. Va. 54, 62-63, 39 S.E.2d 177, 185 (1946):

> The command of the Constitution that the salary of no public officer shall be increased or diminished during his term of office, is a wise and salutary mandate. Its purpose is to establish definiteness and certainty in the salaries of public officers and to protect and safeguard the independence, the security, and the efficiency of the occupant of every public office. It assures the people that those who serve them as public officers shall give their services during their terms for the amount of compensation for which they were willing to serve and have been selected, and for which they were expected by the people to serve at the time of their entrance upon the performance of their duties. It prevents attacks upon officials by those who may be possessed, at any time, of the means and the will to influence or control their course of conduct through added income at public expense; and it removes the possibility of increasing in that manner the financial burden of the people by those who possess and exercise the power of government and the authority of public office. The benefits which result from the operation of this provision of the Constitution promote sound and orderly administration of government, and this provision may not be dispensed with, circumvented, or ignored.

An increase in salary for a municipal officer may not be made pursuant to an ordinance enacted after the beginning of such officer's term of office, although a provision for the increase was included in a municipal budget approved before the beginning of the officer's term of office.

Accordingly, we affirm.

*Affirmed.*