The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following question:
 In a city of the first class, can the salary of an elected official's position be reduced once a person has been elected to that position?
RESPONSE
The answer to this question is clearly "no," if you are referring to the salary being reduced "during the term" for which the official has been elected and if the officer has not requested the decrease. See A.C.A. §14-42-113(a). If your question refers, however, to a reduction in salary that takes place after the official is elected to office but before the official actually begins his term, the answer is less clear. In my opinion the express language of the applicable statute does not prohibit this action. In a number of other states, the prohibition is drafted more expansively to prohibit salary reductions "after election and during the term" of office of the official. Our statute does not contain similar language and as such, a reduction in salary after election, but before the beginning of an official term is not expressly prohibited. It should be noted, however, even in the absence of an express prohibition, that the salary of an officer cannot be reduced to an unreasonable level, or in a manner that creates constitutional problems.
The applicable statute is A.C.A. § 14-42-113 (Supp. 2003), which provides in pertinent part as follows:
 (a) The salary of an official of a city of the first class, a city of the second class, or an incorporated town may be increased during the term for which the official has been elected or appointed and may be decreased during the term only if requested by the official.
The intention of similar provisions has been discussed by various courts around the country. For example, in Sell v. Chaplin, 168 W. Va. 404,285 S.E.2d 133 (1981), the following is stated:
 The command of the Constitution that the salary of no public officer shall be increased or diminished during his term of office, is a wise and salutary mandate. Its purpose is to establish definiteness and certainty in the salaries of public officers and to protect and safeguard the independence, the security, and the efficiency of the occupant of every public office. It assures the people that those who serve them as public officers shall give their services during their terms for the amount of compensation for which they were willing to serve and have been selected, and for which they were expected by the people to serve at the time of their entrance upon the performance of their duties. . . . The benefits which result from the operation of this provision of the Constitution promote sound and orderly administration of government, and this provision may not be dispensed with, circumvented, or ignored.
Id. at 136, citing Harbert v. County Court of Harrison County,129 W.Va. 54, 39 S.E.2d 177 (1946).
Clearly, the Arkansas statute prohibits a reduction in the salary of a city official "during the term" for which he was elected or appointed unless he requests a decrease. The wording of your question, however, suggests a second issue, i.e. whether the salary of a municipal official can be reduced "once a person has been elected" to the position, but before the official has been sworn in and begun his term. The statute does not as clearly address this issue.
I have not found any Arkansas case law interpreting this language on the point you mention. The language of the statute on its face merely prohibits a reduction "during the term" for which the official has been elected.[1] Strictly speaking, this would not prohibit a reduction after election but before the term of the official begins.
At least one court of another state, however, has concluded that analogous language ("the compensation of any such officers shall not be increased or diminished to take effect during the time for which any such officer was elected or appointed)" should be interpreted as prohibiting a decrease in salary after election or appointment. See Meissner v. Boyle,20 Utah 316, 58 P. 1110 (1899), citing Hulaniski v. City of Ogden,20 Utah 233, 57 P. 876 (1899). The last-cited case concluded that where the "words of a statute prescribing compensation to a public office are loose or obscure and admit of two interpretations they should be construed in favor of the officer." Id. citing U.S. v. Morse, 3 Storey 87 and Sutherland, Statutory Construction at 419.
Most courts addressing provisions similar to A.C.A. § 14-42-113, however, have held that the relevant language simply does not prohibit a reduction in salary after election but prior to the beginning of the term of office. Illustrative of this point of view is Schanke v. Mendon,250 Iowa 303, 93 N.W.2d 749 (1958) wherein the following is stated:
 It is clear that the framers of the Wisconsin statute and the California Constitution recognized that a provision against changes during the "term of office" did not protect against increases or decreases in emoluments after the election but prior to the beginning of the term, and took appropriate precautions. Our own legislature has not seen fit to do this, and we cannot by judicial fiat fill the gap.
* * *
 Desirable though it may be thought to be, there is no provision in our laws against a change in salary of elective officers after their election but before their term commences. . . . It is not for the courts to pass judgment upon the propriety of the procedure adopted by the city council here in increasing the defendant's salary. The only prohibition against salary increases is found in section 368A.21, and we cannot extend it beyond its clear meaning. The legislature might have made the restriction more extensive, by its terms, so that a "change in emoluments" could not be effected between election and installation, as was done in Wisconsin by statute and in California by the Constitution; but it has not done so.
 The statutes, both section 368A.21, and 363.28, which defines [sic] the term, are unambiguous; there is no room for construction or interpretation. As a moral proposition, it may be true the salary should be fixed with reference to the office rather than to the officer. But if the legislature has left a gap in the public defenses against violation of this principle, the courts have no right to fill it by judicial legislation. If the breach is to be closed, it must be done by the lawmaking body.
Id. at 753, 754. See also, Holcombe v. State, 126 Ohio St. 496,186 N.E. 99 (1933); and Wesch v. Common Council of Detroit, 107 Mich. 149,64 N.W. 1051 (1895). See also McQuillin, Eugene, LAW OF MUNICIPAL CORPORATIONS § 12.198.15 (3rd ed., rev. vol. 4 (2002) (Supp. 2004)).
In my opinion therefore, § 14-42-113 does not clearly prohibit a reduction in an officer's salary after election but before the beginning of his term of office.[2] But see note 1, supra.
Cities should be cognizant of potential problems with salary reductions under such circumstances, however. For example, one of my predecessors has concluded that "the Arkansas Supreme Court has made statements that would indicate by implication that a city is expected to pay its officers salaries that are commensurate with the duties performed, i.e., a reasonable salary" and that "the city's governing body would be well-advised to designate a salary that is commensurate with the value of the services rendered by the clerk-treasurer." Op. Att'y. Gen. No.95-186. In addition, attempts to unreasonably reduce the salary of elected officials have led to successful lawsuits against cities. Seee.g., Crain v. City of Mountain Home, Arkansas, 611 F.2d 726 (8th Cir. 1979) (striking down as unconstitutional an ordinance passed on the eve of the election reducing city attorney's salary and prohibiting him from the private practice of law as an unconstitutional bill of attainder and also awarding attorneys fees).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] A question may arise, in certain instances, as to whether the relevant date by which to judge the reduction is the date the ordinance is passed or the date the ordinance becomes effective. Cf. Gilmore v.Pearson, 71 Cal. App. 284, 235 P. 665 (1925) (concluding that the relevant date is the date the ordinance takes effect).
[2] At least one former Arkansas statute used more precise language to ensure that salaries could not be reduced after the election or during the term of office. See e.g., McLaughlin v. Ford, 168 Ark. 1108,273 S.W. 707 (1925) (addressing the language of special act relating to cities with the commission form of government).