# Commonwealth ex rel. A. C. Braughler, Appellant, *v* John Weir.

[Marked to be reported.]

*Boroughs — Chief burgess — Statutes—Repeal—Acts of May* 23, 1893, *and March* 12, 1869.

The act of May 23, 1893, P. L. 113, entitled "An act to authorize the election of a chief burgess for three years in the several boroughs of this commonwealth" repeals the act of March 12, 1869, P. L. 344, "regulating the election of burgess and town council of the boroughs of Indiana and Brookville."

The two acts differ as to the manner of filling vacancies, the time of elections, the veto power and the ineligibility of the burgess for re-election.

*Public officers—Right of legislature to abolish offices—Constitution.*

The legislature has the power to abolish or change offices which are legislative only, and not constitutional, without infringing upon any constitutional right of the possessor of the office, and without violating any duty of the legislative body.

The legislature has the right to enact a law, the effect of which will be to deprive the chief burgess of a borough of a portion of the term of his office.

Argued Oct. 17, 1894. Appeal, No. 301, Oct. T., 1894, by plaintiff, from order of C. P. Indiana Co., June T., 1894, No. 68, refusing suggestion for quo warranto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Quo warranto. Before WHITE, P. J.

The suggestion for the quo warranto recites that the defendant is exercising the office of burgess of Indiana borough without lawful right, that such borough was incorporated many years ago by special law and became regularly subject to the general borough law of April 3, 1851 ; that the relator was elected chief burgess of such borough, Feb. 20, 1894, being the annual election for borough and township officers, under the act of May 23, 1893, which, inter alia, provides that the qualified voters of every borough in the commonwealth shall, on the third Tuesday of February, 1894, and triennially thereafter, vote for and elect a properly qualified person for chief burgess in each of said boroughs who shall serve for the term of three years, etc.   And in its 5th and last section provides : " All acts or parts of acts inconsistent herewith are hereby repealed."

The defendant replied that he was elected burgess of said borough on the third Tuesday of February, 1892, under the provisions of the local act of March 12, 1869, entitled " An act regulating the election of burgess and town council of the boroughs of Indiana and Brookville, fixing their terms of office and increasing their powers," for three years, and his term did not expire till the end of three years from his election or the term for which he was sworn into office.

The facts were not disputed.

The court, in opinion filed, refused the writ.

*Error assigned* was above order.

*J. A. C. Ruffner,* for appellant.—The charter of a municipal corporation is not a contract within the protection contained in the prohibition of the declaration of rights against laws impairing contracts : Erie v. Erie Canal Co., 59 Pa. 174.

The rule that a previous local statute is not repealed by a

subsequent general statute inconsistent with it, unless words of repeal are employed for that purpose, is not applicable here: Newbold v. Pennock, 154 Pa. 591; Com. v. Macferron, 152 Pa. 244.

Offices are created for the benefit of the public and not for the benefit of the persons who may fill them. The power to create an office includes the power to abolish it, and if it may be abolished altogether the term of the incumbent may be reduced or cut off: Com. v. McCombs, 56 Pa. 436; Donohugh v. Roberts, 11 W. N. 186.

The claimant of a municipal office may institute quo warranto without the attorney general: Com. v. Swank, 79 Pa. 154; Murphy v. Bank, 20 Pa. 415; Com. v. Jones, 12 Pa. 365; Com. v. Burrell, 7 Pa. 34.

*John P. Blair*, submitting no oral argument, for appellee.— When the act of 1893 speaks of "every borough" electing the burgess in February, 1894, who shall serve for three years, it is clearly meant to change the general act of 1851 in this particular, nothing more. If the legislature undertakes to deprive one of an office to which he has been duly elected under its laws, it must clearly evince its purpose. The act of 1893 did this as to assistant burgesses by expressly abolishing the office.

OPINION BY MR. JUSTICE GREEN, Jan. 7, 1895:

We think this case is controlled by our decision in the case of Quinn v. Cumberland County, 162 Pa. 55. The considerations which ruled that case so far as the question here involved is concerned, are entirely applicable to this. We there held that the Act of 11th May, 1893, P. L. 44, which was a general law applicable to all the boroughs of the commonwealth, enabling borough councils to establish boards of health, repealed the special law of 28th January, 1873, applicable only to the borough of Carlisle, making provision for the same subject. Our decision was based both upon the necessary inconsistency of the two acts, so great that they could not stand together, and the special repealing clause of the later act. In this case the repealing words are almost precisely the same as in Quinn v. Cumberland County, to wit, "all acts or parts of acts inconsistent herewith are hereby repealed." These are words of express repeal of all previous inconsistent legislation.

The act of 23d May, 1893, P. L. 113, was passed, as expressed in its title, " To authorize the election of a chief burgess for three years in the several boroughs of this commonwealth," and the first section positively directs that " The qualified voters of every borough in the commonwealth of Pennsylvania " shall, etc. Of course this enactment expressly embraces every borough in the commonwealth, and therefore includes the borough of Indiana. Recurring now to the special act of 1869, P. L. 344, " Regulating the election of burgess and town council of the boroughs of Indiana and Brookville," we find several material points of difference between it and the act of 1893.

By the first section of the act of 1869 it is provided that in case of a vacancy in the office of burgess by death, resignation or otherwise, the council shall elect one of their own number to discharge the duties thereof until the next annual borough election, when a burgess shall be elected for a full term. But section 2 of the act of 1893 provides that the " Burgess shall not hold any other borough office or appointment during the term for which he is elected, nor be a member of nor preside at the meetings of the town council of said borough." Under the act of 1869 the person elected by council to discharge the duties of burgess during a vacancy, would have to be a member of council and he would thus exercise the functions of burgess and member of council at the same time, which is positively prohibited by the act of 1893. If he should veto any act of council he would have the power to vote on the measure under the act of 1869, and also to veto the same measure under the act of 1893, two functions entirely inconsistent with each other.

Under the act of 1869 there is no power to veto any ordinance or resolution passed by council, but under the third section of the act of 1893 a full power to veto all such ordinances and resolutions is conferred upon the burgess, with an added provision requiring a vote of two thirds of all the members elected to pass the measure over the veto. This section of the act of 1893 is not only inconsistent with the act of 1869 but in positive hostility to it, inasmuch as under the latter act a vote of a majority of the members was always sufficient to pass any ordinance or resolution, whereas under the act of 1893 in any case of a veto such a majority would not be sufficient.

By the first section of the act of 1893 the chief burgess is made ineligible to hold the office for the next succeeding term, whereas by the act of 1869, as there is no such provision contained in it, he would be eligible.

In this particular case it happens there is a conflict between the two acts as to the time of holding the election. The respondent was elected burgess at the spring election of 1892, and his term of office would not expire until the first Monday of March, 1895, and the next regular election would not occur until the borough election of 1895. But under the act of 1893 the election for burgess must be held in " every borough in the commonwealth," on the third Tuesday of February, 1894, and triennially thereafter, and as there is no provision in the act of 1893 excepting from the operation of the act cases in which existing terms of office do not expire until after the time fixed for the first election, a necessary hostility results. The act of 1893 relates only to the office of burgess and assistant burgess, and therefore it is not inconsistent with the other provisions of the act of 1869. But in the matter of the election, the eligibility, and, to some extent, the rights and powers of the burgess, there is a hostility which cannot be reconciled, and in these particulars the two acts cannot be executed together. We feel therefore obliged to hold that the relator is entitled to the office during the term for which he was elected, commencing the first Monday of March, 1894.

As this decision will deprive the respondent of a portion of the term of his office, some question arises as to the power of the legislature to enact a law having such an effect. But this is fully met by the decision of this court in the case of Commonwealth v. McCombs, 56 Pa. 436. We there held that as to offices which are legislative only and not constitutional, the power which created them may abolish or change them at pleasure without impinging upon any constitutional right of the possessor of the office, and without violating any duty of the legislative body.

In that case the office of assistant district attorney for the county of Allegheny was under consideration. An act was passed in 1867 creating the office of assistant district attorney for Allegheny county, transferring some of the duties of the district attorney to the assistant and providing that the fees of

the latter should be taxed and allowed out of the fees allowed to the district attorney. The question was how far the rights of the district attorney could be affected by such a law. Mr. Justice STRONG, delivering the opinion, said, "The office of district attorney is not one of those offices which are usually denominated constitutional. Unlike that of sheriff or coroner it is not mentioned in the constitution, and no provision is made therein for the election or appointment of such an officer. . . . . Not having been mentioned by the constitution the legislature was left with unrestricted power to prescribe what the duties of the office should be, what the length of its tenure, what its emoluments and how it should be filled. Having the power to create they have also the power to regulate, and even destroy. Undoubtedly the legislature may at any moment repeal the act of 1850, and abolish the office. They may provide a substitute for it. . . . It was never intended to put offices created by the legislature beyond the control and regulation of the creating power. It was not intended to ordain that an office for a term of years, once made, should not be modified, or abolished, while the term remained unexpired."

This seems to dispose of the question, as this office is legislative and not constitutional.

The judgment of the court below is reversed and it is ordered and adjudged that the said John Weir be ousted and altogether excluded from the office of burgess of the borough of Indiana and that the relator, A. C. Braughler, is entitled to the said office and to be admitted thereto and to the exercise of the powers and functions thereof, and that the said John Weir do pay all the costs of this proceeding.