# Commonwealth ex rel. James B. Holland, District Attorney, *v.* William F. Schneipp, Appellant.

[Marked to be reported.]

*Boroughs—Chief burgess—Repeal of statutes—Acts of May* 23, 1893, *and Feb.* 27, 1851.

The general act of May 23, 1893, P. L. 113, relating to the election of burgesses, repeals the special act of Feb. 27, 1851, P. L. 115, regulating the election of burgess of the borough of Bridgeport, in Montgomery county. Com. v. Braughler & Weir, 165 Pa. 284, applied.

Argued Feb. 5, 1895. Appeal, No. 220, July T., 1894, by defendant, from order of C. P. Montgomery Co., June T., 1894, No. 4, awarding writ of ouster. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Quo warranto to determine right of defendant to the office of president of town council of the borough of Bridgeport.

From the record it appeared that, at the February election in 1894, defendant was elected burgess of Bridgeport, and that he qualified for the office. On March 10, 1894, a writ of quo warranto was issued directed to defendant to show by what authority he presided as chief burgess. The writ was issued

upon the suggestion that the special provisions of the act of Feb. 27, 1851, incorporating the borough of Bridgeport, and providing that the burgess should preside as president of the town council, were repealed by the act of May 23, 1893, P. L. 113. The court, in an opinion by WEAND, J., entered a judgment of ouster.

*Error assigned* was above order, quoting it; and in awarding execution by injunction.

*Montgomery Evans, Edward F. Kane* with him, for appellant.—The act of 1893 does not repeal the special charter of 1851: Brown v. County Com., 21 Pa. 37; Malloy v. Reinhard, 115 Pa. 25; Harrisburg v. Sheck, 104 Pa. 53; Evans v. Phillipi, 117 Pa. 226; Trust Co. v. Fricke, 152 Pa. 231; Bell v. Allegheny, 149 Pa. 381; Morrison v. Fayette, 127 Pa. 110; Com. v. MacFerron, 152 Pa. 244; Cheltenham Road, 140 Pa. 136.

But if the effect of the act of 1893 will be to repeal the charter of Bridgeport, then since such effect would be destructive of the general scheme of its government, and would thus work results which are special and peculiar to that borough, it is unconstitutional.

*N. H. Larzelere, M. M. Gibson* with him, for appellee.—A municipality is merely an agency instituted by the sovereign for the purpose of carrying out in detail the objects of the government—essentially a revocable agency having no vested right to any of its powers or franchises—the charter or act of erection being in no sense a contract with the state, and therefore fully subject to the control of the legislature, who may enlarge or diminish its territorial extent or its functions, may change or modify its internal arrangements, or destroy its very existence, with the mere breath of arbitrary discretion: Phila. v. Fox, 64 Pa. 180; Com. v. MacFerron, 152 Pa. 245; Quinn v. Cumberland Co., 162 Pa. 55.

OPINION BY MR. JUSTICE GREEN, Feb. 18, 1895:

In the case of Commonwealth ex rel. Braughler v. Weir, 165 Pa. 284, reported now in 35 W. N. C. 556, we considered and decided the very question involved in the present contention.

In that case, as in this, the official whose title was in question, was the burgess of a borough (Indiana). We decided that the special law of March 12, 1869, P. L. 344, "regulating the election of burgess and town council of the boroughs of Indiana and Brookville," so far as the election of burgess was concerned, was repealed by the general law of May 23, 1893, P. L. 113. We held that the special repealing clause of the act of 1893 was an express repeal of the act of 1869, with which it was so inconsistent that they could not stand together. The same repealing clause of the same general law (act of 1893), is now invoked as having the same effect in this case upon the law which, prior to 1893, regulated the election of burgess of the borough of Bridgeport in the county of Montgomery. The points of difference are not identical with those appearing in the former case, but they are of the same character and are sufficiently inconsistent with the provisions of the former law in this case to bring it within the operation of the repealing clause of the act of 1893.

In this case the borough was chartered by a special law approved February 27, 1851, P. L. 115, which incorporated within its terms eight sections of the general borough law of 1834, P. L. 118, to wit, sections seven to thirteen, both inclusive, and also section sixteen.

By section three of the act of 1851 the burgess was to be elected for the term of one year, whereas by the act of 1893 the burgess is elected for the term of three years, and is not eligible to election for the next succeeding term, a disqualification which does not appear in the act of 1851.

By the eighth section of the general law of 1834, which is made a part of the borough charter, the burgess is constituted a member of the borough council with full power to act and vote as a member upon all bills and ordinances which may come before them. The language of the section is, "It shall be the duty of the town council of each borough hereinafter incorporated, four of whom including the burgess if present shall be a quorum, to meet at such times and places as by the by-laws and ordinances of said borough shall be appointed, at which meetings they may enact, revise, repeal and amend all such by-laws, rules, regulations and ordinances," etc. Numerous powers are specially-conferred upon them by the remainder of the section.

The section further provides : " And the burgess shall be president of the town council and shall have and exercise all the rights and privileges as a member thereof, but in case of the absence of the burgess the members present may elect one of their number to preside for the time being."

By the second section of the act of 1893 it is provided, " Such burgess shall not hold any other borough office or appointment during the term for which he is elected, nor be a member of nor preside at the meetings of the town council of said borough. But such meetings shall be presided over by a president of council to be at the annual organization thereof elected by such council from among their number, and in the absence of such president shall be presided over by a president pro tempore."

It will be perceived at once that the provisions of these two acts upon this subject are utterly hostile to each other and cannot possibly stand together.

Under the acts of 1851 and 1834 there is no power in the burgess to veto any ordinance or resolution of council, but under the third section of the act of 1893, a full power to veto all such ordinances and resolutions is conferred upon the burgess, with an additional provision requiring a vote of two thirds of the members to pass the measure over the veto. In case of a veto it would require a vote of two thirds of all the members to pass an ordinance or resolution, whereas under the former laws a majority was always sufficient.

Under the act of 1851 the burgess, being a member of council, could vote on any measure, but under the act of 1893 he could not in any circumstances cast such a vote. If under the act of 1893 he should veto a measure, he could, under the act of 1834, vote as a member on the question of sustaining his own veto.

For these and other reasons which it is unnecessary to point out, we hold that the act of 1893 repeals the acts of 1851 and 1834, so far as they relate to the election of a burgess, and that the act of 1893 is now the only one in force.

There is much discussion in the paper books which we do not regard as relevant and therefore do not stop to consider it. The assignments of error are dismissed.

The decree of the court below is affirmed at the cost of the appellant.