Joseph D. Lloyd, Controller of Luzerne County, Appellant, *v.* Thomas Smith, Patrick T. Norton and Thomas M. Dullard, Commissioners of said County.

*Statutes—Construction—Constitutional law—Controller—Auditors.*

The act of June 27, 1895, P. L.403, creating the office of county controller in counties containing one hundred and fifty thousand inhabitants and abolishing the office of county auditor is constitutional.

*Constitutional law—Classification of counties—Special legislation—Municipal law.*

Local and special legislation is not necessarily unconstitutional though the list of prohibited subjects is long and comprehensive.   Classification of cities with reference to their governmental machinery has been sustained as being of imperative necessity, and the principle thereby established that a law which excludes none from a class, and applies to all the members of a class equally, is valid, makes classification of counties permissible, and the presumption is that such legislation is actually classification, and not special legislation under that guise, unless it clearly transgresses the constitutional prohibition.

*Public officers—Constitutional officers—County auditors.*

The only tenable construction of sec. 1 of art. 14 of the constitution is that the county auditor is a constitutional officer only in the alternative, and that so far as the office is concerned it may be abolished at any time by the legislature, provided that the constitutional alternate, a county controller, is put in the place.

*Legislative office—Abolishment—Right of incumbent—Right of people.*

The right to an office is not the right of an incumbent to the place but of the people to the officer.   An office therefore not constitutional exists by will of the legislature only, and may be abolished at any time, and the incumbent has no standing to complain : Com. v. Weir, 165 Pa. 284.

*Public officers—Overlapping terms and duties—County auditor.*

The duties of auditor and controller are not identical, although the latter usually includes the former. There is no incompatibility in the existence of the two offices together. The legislature might by explicit terms provide for a present county controller upon whom the duties of the auditor should be imposed at the expiration of the latter's term of office, which should thereupon be abolished, and such construction, by implication, will be given, if thereby the substance and plain intent of an act will be preserved without doing violence to any of its terms. It follows, therefore, that sec. 15 of the act of June 27, 1895, must be construed as prospective, to take effect at the expiration of the term of the present county auditors, but that a county controller qualified under that act is rightfully entitled to the office of controller and authorized to perform all the duties imposed by the act which do not for the time being belong to the county auditors.

Argued Feb. 6, 1896. Appeals, No. 172, Jan T., 1896, by defendants, from order of C. P. Luzerne Co., Oct. T., 1895, No. 15, refusing injunction. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Bill for injunction. Before LYNCH, J.

The bill set forth that the plaintiff is the controller of Luzerne county under act approved June 27, 1895, that the defendants are commissioners of said county, and are violating said act by drawing warrants on the county treasurer for debts not audited and approved by said controller, etc., and prayed an injunction: (*a*) To restrain the defendants from drawing warrants on the county treasurer for debts, etc.; (*b*) to compel transference to the custody of the controller of all bonds, etc.; (*c*) to compel defendants to supply the controller with rooms for an office; (*d*) to compel the defendants to meet with the controller for the purpose of fixing salaries, etc. The answer averred that the said act was unconstitutional on four grounds, viz: (1) That the act is special, applying only to two counties; (2) that the act abolishes a constitutional office, viz, auditors, during term of present incumbents; (3) that the duties of auditors are transferred to controller by reference to act of 1834 without re-enactment at length; (4) that the act contains two subjects, viz, creation of controller and abolition of auditors. It appeared that the plaintiff, the controller of Luzerne county, had been appointed by the governor and subsequently elected by the people, and duly qualified as such under the act of

June 27, 1895, P. L. 403, an act alleged to have been passed to meet the objections raised against the act of June 8, 1893, P. L. 393, pronounced unconstitutional in Com. v. Samuels, 163 Pa. 283.

The court below refused the injunction, holding that the 1st and 16th sections of the act of 1895 were unconstitutional.

*Errors assigned* were, (1) holding act of 1895, creating office of controller, to be unconstitutional; (2) in refusing injunction as prayed.

*Henry A. Fuller* and *M. E. Olmsted*, for appellant.—The constitution plainly recognizes a subdivision of counties on the basis of population at the point of 150,000: art. V. sec. 22, orphans' court; art. XIV. sec. 5, salaries of county officers.

The constitution recognizes a class of counties: Reid v. Smoulter, 128 Pa. 337.

The objection " expressio unius, exclusio est alterius " is fully answered by Com. ex rel. v. Reeder, 171 Pa. 518.

That the power to subdivide counties exists, is clear from Bennett et al. v. Norton et al., 171 Pa. 221.

The proper test of constitutionality is not whether all are included, but whether any are excluded: L. V. Coal Company's. Appeal, 164 Pa. 44.

All the decisions and the reasoning employed in them demonstrate that such subdivision will be sustained on the test above stated: Morrison v. Bachert, 112 Pa. 322 ; Davis v. Clark, 106 Pa. 377 ; Scranton v. Silkman, 113 Pa. 191 ; McCarthy v. Com., 110 Pa. 243, and others.

The act does not in effect abolish the constitutional office, but simply substitutes another office of co-ordinate nature, likewise constitutional.

It is very clear that an office nonconstitutional may be abolished, and the incumbent legislated out during his term: Com. v. Weir, 165 Pa. 284.

But this act need not be construed to legislate the present auditors out of office.

We may concede that they are not, and cannot be, legislated out.

Neither the title to office of the county auditors, nor that of

the controller, can be determined collaterally, even at law. That can be done only in a direct proceeding, by a writ in the nature of quo warranto: Com. v. McCombs, 56 Pa. 436.

Equity has no jurisdiction with regard to the election or amotion of corporators, nor in the case of a public officer de facto of a municipal character: Hagner v. Heyberger, 7 W. & S. 104; Updegraff v. Crans, 47 Pa. 103; In re Sawyer, 124 U. S. 200–212.

The next census will probably show the five additional counties of Berks, Lackawanna, Lancaster, Montgomery and Westmoreland to be within the class provided by the act of 1895. In those counties already within the class and not previously provided with controllers, there is an immediate and urgent demand for the relief afforded by the act. Not only were controllers appointed by the governor, in pursuance of the act of 1895, but also at the general election in 1895 controllers were elected in each of the counties and duly qualified. Nobody in either county objects to the performance of their duties save only the commissioners, over whose acts the legislature has wisely set the controller as a guard.

*Alexander Farnham* and *H. W. Palmer*, with them *Joseph Moore* and *J. O. Ulrich*, for appellees.—The act of June 27, 1895, is unconstitutional for the following reasons: 1. The act is special and local in effect because it does not apply to all counties containing a population of one hundred and fifty thousand and over.   2. Because it is inconsistent with the salary act of 1876 as amended by the act of July 2, 1895, P. L. 403. 3. Because it attempts to legislate the county auditors out of office during their term.   4. Because it attempts to abolish the office of county auditor, which is a county office under the constitution.   5. Because the constitution does not provide for the abolition of any county office nor does it permit any change in it except by amendment according to article XVIII.   6. Because the constitution does not sanction the classification of counties for the purpose of creating offices.   7. Because it offends against section 7 of article III. of the constitution. 8. Because the title does not give sufficient notice of its contents.   9. Because it violates section 6 of article III. of the constitution.   10. Because it is obnoxious to section 13 of article

III. of the constitution: State v. Constantine, 42 Ohio, 437; Com. v. Kilgore, 82 Pa. 396.

Both auditors and controllers cannot exist because the constitution says, " Auditors or Controllers," nor can such office as is described by this act be created in any county in this commonwealth.

The office of county auditor cannot be abolished during the continuance of the term: Taggart v. Commonwealth, 102 Pa. 354; Reid v. Smoulter, 128 Pa. 324; Commonwealth v. Gamble, 62 Pa. 343.

The constitution does not provide for the abolition of county auditors nor does it provide for the creation of controllers in certain counties, as, for example, counties containing one hundred and fifty thousand inhabitants and over: McCafferty v. Guyer, 59 Pa. 109.

It is contrary to the doctrine of classification, which is, that those counties having a small population may ultimately have one much larger: Davis v. Clark, 106 Pa. 385; York School District Appeal, 169 Pa. 70.

The object of the constitution is not to grant legislative power, but to confine and restrain. Without the constitutional limitations, the power of the legislature to make laws would be absolute: People v. Draper, 15 N. Y. 549; People v. Flagg, 46 N. Y. 401; Monongahela Nav. Co. v. Coons, 6 W. & S. 117.

The act requires duties of the county commissioners in the counties to which it applies, entirely different from those of other counties, and is therefore unconstitutional because the title does not give sufficient notice: Rogers v. Mfrs. Co., 109 Pa. 109; Phœnixville Road, 109 Pa. 44; Quinn v. Cumberland County, 162 Pa. 55; Commonwealth v. Weir, 165 Pa. 284.

This act violates section 6, article III. of the constitution: Titusville Iron Co. v. Keystone Oil Co., 122 Pa. 627.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896:

It was agreed by counsel that no technical objection as to the form of remedy or the right of the respondents as county commissioners to dispute the plaintiff's title to the office of controller, should be raised, and we therefore proceed to the substantial question at issue.

The constitutionality of the act of June 27, 1895, P. L. 403, is attacked upon four grounds, 1, that it contains two subjects, 2, that it is special and local legislation, 3, that it is a change of law by the transfer of the duties of the auditors to the controller by mere reference and without enumerating them or re-enacting them at length, and 4, that it abolishes the constitutional office of county auditor during the term of present incumbents. The first ground was abandoned at the argument, and the court below held the act unconstitutional on the last ground alone, without passing upon the others. But it is proper that we should notice them all, to make an end of the question.

1. The act has but one subject, the substitution in certain counties of the office of county controller for that of county auditor. This of course involves the abolition of one office and the creation of another in its place, but both are parts germane to the one purpose, which is the subject of the act.

2. Local and special legislation is not necessarily unconstitutional, though the list of prohibited subjects is long and comprehensive. But even in regard to some of the prohibited subjects, such as the affairs of counties, cities, etc., it was very early found that there were such differences in situation, circumstances and requirements of the cities of the commonwealth, that classification with reference to their governmental machinery was of imperative necessity, and it was accordingly sustained, and the principle established that a law which does not exclude any one from a class, and applies to all the members of the class equally, is general. The same principle must make classification constitutional as to the other political and municipal divisions of the state when considered in their governmental capacity. Classification of counties is therefore as permissible as classification of cities, and the legislature may determine what differences in situation, circumstances and needs, call for a difference of class, subject to the supervision of the courts as the final interpreters of the constitution, to see that it is actually classification, and not special legislation under that guise. The presumption is always in favor of the legislative command and it must prevail unless clearly transgressing the constitutional prohibition. Classification of counties with reference to population has already been recognized

by this court: Davis v. Clark, 106 Pa. 377, 385; McCarthy v. Com., 110 Pa. 243; Reid v. Smoulter, 128 Pa. 324, and perhaps other cases, and the line of division adopted by the act of 1895 is the same as that established by the constitution itself with reference to the judicial need of a separate orphans' court, and the mode of compensation of county officers. The act of 1895 is not unconstitutional as local or special.

3. The fifteenth section of the act of 1895 is not a revival, amendment, extension or conferring of the provisions of the act of April 15, 1834, so as to bring it within the prohibition of section 6 of article 3 of the constitution. It makes no change in the duties of the office, but merely in the name of the officer by whom they are to be performed. If the act had provided that " the officer now known as the county auditor, shall hereafter in all counties having one hundred and fifty thousand inhabitants and over, be called the county controller, and shall in addition to the duties and powers of said officer have the following," then enumerating the new duties and powers covered by the act, its effect would have been precisely the same, and yet it could hardly have been contended that it was unconstitutional for not re-enacting at length all the provisions of the act of 1834. In substance this section of the act of 1895 is nothing but a change of the name of the officer, and that is not within the purpose of the constitutional prohibition. The evil at which that was aimed was ignorant or uninformed legislation. There is no provision that legislators shall be learned in the law, and although many of them are so, yet it is not always possible even for these to utilize and apply their knowledge immediately in the daily work of legislation. Hence changes in the law are not unfrequently made or attempted by legislators who determine what the law shall hereafter be without knowing what it now is. This fact in judicial history is as old as the record of judicial interpretation of statutes, and numerous examples could readily be given from the legislation of this state in the last twenty-five years, to show that the mischief has not been cured by the constitutional provisions. It is not entirely curable, but section 6 of article 3 was intended as a preventive in part at least. Its object was the same as that of the concluding clause in section third of the same article, requiring the subject of an act to be clearly expressed in its title, of

which it was said in Com. ex rel. v. Samuels, 163 Pa. 283, " the object of that requirement is that legislators and others interested shall receive direct notice in immediate connection with the act itself, of its subject, so that they may know or be put upon inquiry as to its provisions and their effect. Suggestions or inferences which may be drawn from knowledge dehors the language used are not enough. The constitution requires that the notice shall be contained in the title itself." It is in furtherance of the same desirable object, that section six requires the legislature to know and set forth in immediate connection, the existing statute, and the revival, amendment, extension or conferring of its provisions, which they intend to make. A mere change in the name of an officer, without any change in the duties, powers or law governing the office itself is not within the mischief or its prohibition.

4. The learned court below held the act invalid because it abolishes a constitutional office, during the term of regularly elected incumbents.

County auditors are not constitutional officers in the sense that the continuance of their office is mandatory. Their claim rests on their enumeration in section one of article fourteen among county officers. But the enumeration is in the alternative, "auditors or controllers." It is argued that as auditors had been superseded by controllers in two of the counties of the state at the time of the adoption of the constitution, the mention of controllers in article fourteen was merely by way of recognition of the office where it then existed, and did not give the legislature the power to substitute it for the office of auditor in other counties. But there is nothing to justify so narrow a construction. The language used is general, applicable to all counties alike, and to future as well as then present time. The two counties in which controllers then existed were the largest in the state, but it was a matter of public history that others were growing in population, in wealth, business, and amount and complication of public affiairs that must sooner or later bring some of them at least to the same municipal requirements that Philadelphia and Allegheny had already reached. The aim of the constitution was to put its commands into the clearest and most direct form. If the office of controller was meant to be limited to the counties of Philadelphia and Allegheny it

would have been easier, plainer, and more in accordance with its general use of language to have said so explicitly, not only in the section quoted but also in section seven of the same article where instead of the words " county auditors shall be elected *in each county where such officers are chosen*," etc., it would have been shorter, more direct and more explicit to have said "shall be elected except in Philadelphia and Allegheny," etc. No inference can be drawn against this construction from the fact that it impairs to some extent the uniformity of county governments by leaving the alternative of auditors or controllers to the discretion of the legislature. A confirmatory parallel is to be found in the judiciary article. Nothing is plainer in the whole instrument than the intent to make a uniform judicial system throughout all the counties of the state. On this Procrustean bed the most efficient and satisfactory judicial organization that Philadelphia ever had was sacrificed, against the wishes of the judges, the bar and the people. Yet even in the judiciary article, there is left the alternative of " justices of the peace, or aldermen " (art. 5, sec. 11), and where it was meant that the alternative should not exist, as in Philadelphia, all doubts were removed by the explicit declaration that " the office of alderman is abolished." The only tenable construction of section one of article fourteen is that the county auditor is a constitutional officer only in the alternative, and that so far as the office is concerned it may be abolished at any time by the legislature, provided that the constitutional alternate, a county controller, is put in the place. The rights of the officers, incumbents at the time of the legislative change, depend on other considerations.

The right to an office is not the right of the incumbent to the place, but of the people to the officer. An office therefore not constitutional exists by the will of the legislature only, and may be abolished at any time, and the incumbent has no standing to complain: Com. v. Weir, 165 Pa. 284. Whether an office which is only constitutional as an alternative with some other comes within this rule or not may be open to question, but we do not feel called upon to decide it now, as there is a fair construction of the act of 1895 which makes it unnecessary. The duties of auditor and controller are not identical although the latter usually include the former. There is no incompatibility

in the existence of the two offices together. The constitution directs that one of them must exist in each county, but it does not say that both may not. The act of 1895 provides for the election of a controller, and also that he shall perform the duties now performed by the auditors. The duties of the two though naturally and preferably belonging together, are severable, and if the act had said expressly that the present auditors should continue to perform the duties of their office until the expiration of their terms, and thereupon the office should be abolished and the duties transferred to the controller, the objection now under consideration would have no basis to stand on. If other rights under the law lead to the same result without such express words in the act, there is nothing in its general intent to prevent such a construction. In an exchange of offices there may naturally be some overlapping of terms and duties, and if in the legislative view the need for a controller was immediate but the existing terms of the auditors prevented his present assumption of all the duties that would finally pertain to his office, it would have been not unwise, certainly not unconstitutional, to meet the case by a temporary expedient. The legislature has not done so expressly, but it has passed an act which can best be carried out by such a construction. In adopting it we are preserving the substance and plain intent of the act, without doing violence to any of its terms.

We are of opinion therefore that section fifteen should be construed as prospective, and to take effect on the expiration of the terms of the present county auditors, but that the appellant is now rightfully entitled to the office of controller and to perform all the duties thereof, which do not for the time being belong to the county auditors.

Decree reversed, with costs, and injunction directed to be awarded as prayed.