## Commonwealth ex rel. v. Swissvale Borough.

*Mandamus — Tax collectors of boroughs and school districts — Removal from office—Vacancy—Borough council—Board of school directors—Filling vacancy—Election—Article vi, section 4, of Constitution—Statutory requirements—School Code.*

1. Mandamus was refused where it appeared that the relator had been appointed borough tax collector by the county commissioners and demanded warrant of authority to collect school taxes, there not being at the time a vacancy in the office of school tax collector.

2. Failure on the part of a regularly elected school tax collector to file bond is not ground for removal from office, it appearing that demand had not been made upon him to file bond. Under the School Code of May 18, 1911, P. L. 309, a collector has fifteen days in which to file bond after demand made.

3. A state, county or municipal officer, regularly elected, can be removed from office in three ways only under the Constitution: On conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause on the address of two-thirds of the Senate; all officers being subject to the first, appointed officers to the second, and elected officers to the third. A borough council cannot declare a vacancy in the office of tax collector, that office being under article 6, section 4, of the Constitution, the remedy being, in case a tax collector has not performed his duty, under Act of May 26, 1897, P. L. 108, which permits the Court of Common Pleas, upon proper petition and proof, to remove a tax collector if the facts warrant removal.

Mandamus. C. P. Allegheny Co., July T., 1923, No. 1271.

*John B. Nicklas, Jr.,* and *Roland A. McCrady,* for plaintiff.

*Samuel J. McKim,* for defendant.

DOUGLASS, J., May 24, 1924.—This matter comes before the court upon a writ of mandamus, wherein John R. Dierst is the relator and the School Board of the School District of the Borough of Swissvale, together with the officers and individual members thereof, are the defendants.

From the facts it appears that Swissvale is a borough in this county. At the regular fall election held Nov. 27, 1921, one Gerald Hodge was elected tax collector for this borough. The said Hodge duly and regularly qualified and proceeded to act in the capacity of tax collector for the borough. Sometime later, along about the latter part of December, 1922, the said Hodge got into difficulty with the borough and school district in connection with his accounts, and on Jan. 23, 1923, a number of citizens of the Borough of Swissvale presented a petition to the County Commissioners of Allegheny County, alleging that, by reason of the conduct of the said Gerald F. Hodge in his office as tax

collector of the borough, a vacancy should exist, and asked the commissioners to appoint some suitable person to fill the office. At that time the county commissioners refused to make the appointment until, as they said, there had been a vacancy. On March 27, 1923, the Borough Council of the Borough of Swissvale met and, all members being present, a resolution was passed by a majority vote declaring the said office of tax collector to be vacant, and directing that a petition be prepared for presentation to the county commissioners, praying for the appointment of some suitable person to fill the vacancy for the unexpired term of the said Hodge. On April 10, 1923, the county commissioners, apparently relying upon the resolution of the borough council which purported to declare a vacancy, elected John R. Dierst, the relator in this case, to the position of tax collector in said borough, the said election purporting to have been held under and by virtue of the Act of May 17, 1917, P. L. 221.

At the hearing in this case it was contended upon the part of the defendant that the particular meeting at which Dierst was elected was not a legal meeting, for the reason that the county commissioners had already adjourned for the day under an agreement that there would be no further business transacted, but at a later hour upon the same day, two of the three county commissioners met and elected the relator in this case. In view of the facts which we will later discuss in this opinion, in connection with matters antecedent to this meeting of the county commissioners, it will not be necessary for us at this time to pass upon the legality of this meeting; but such a practice is at least of very doubtful legality. The contention upon the part of the defendant, in answer to the petition in this case, was mainly as follows: (1) That mandamus is not the proper remedy; (2) that there was nothing in the conduct of Hodge which would warrant the declaring of a vacancy; (3) there was no vacancy duly created in the office of tax collector of the borough, and that, therefore, being no vacancy, the county commissioners were powerless to elect a successor to Hodge. Shortly after the petition was filed in this case, a motion was made to quash, and, after hearing before the court *in banc,* Judge Carnahan wrote an opinion holding that mandamus was, in this case, the proper remedy, so that, in so far as the present construction of the matter is concerned, we approach the solution with that finding already in existence, namely, that mandamus is the proper remedy in this case. At a later date, after the answer to relator's petition had been filed, a demurrer was presented, and this demurrer was likewise overruled, and the case now comes before us practically upon its merits.

From the facts it appears that sometime during the latter part of December, 1922, Hodge got into some apparent difficulty in connection with his accounts as tax collector of the borough. Apparently, at a later date, it was discovered by the auditors that there had been a shortage, although the final determination of this question is still in abeyance as a result of an appeal taken from the auditor's report. It is contended upon the part of the relator that Hodge failed to properly attend to the duties pertaining to his office, but the testimony is fairly clear that the general public was in no way seriously inconvenienced in connection with the payment of their taxes, for the reason that Hodge, at most times, kept competent assistants who were able to handle the collection of taxes and take care of the interests of the public, in so far as payment of these taxes were concerned. On April 11th, just one day after the county commissioners had made the appointment of Dierst as tax collector of the borough, the school board of the said borough, as the result of the resignation having been presented to them by the said Hodge, and by virtue

of the authority vested in them under the School Code, elected one James E. Allison to fill the vacancy in the office of the tax collector for the school district, caused by the resignation of the said Hodge as tax collector; the said Allison, who has since acted in the capacity of collector of taxes, not at the present time being a party to this proceeding at all. The relator then made a demand upon the school district for a warrant authorizing him to collect the school taxes for the borough for the year 1923, which warrant was refused him, and, as a result, he brings this action to compel the school board to deliver to him the warrant and tax duplicate covering the collection of school taxes in the borough for the year 1923. From the facts, also, it appears that the duplicates used in connection with the collection of school taxes for the borough could not, under any circumstances, have been delivered until sometime during the month of June. This brings us, therefore, now to a discussion of the main point in this case, which is, whether or not the relator, John R. Dierst, was legally elected tax collector for the purpose of collecting the school taxes for the School Board of the Borough of Swissvale. From all the facts in the case, it is clearly apparent that the only affirmative action taken for the purpose of declaring a vacancy in the office was the action taken by the borough council in declaring the office of tax collector vacant, and we must, therefore, first examine the right of the borough council to declare a vacancy in the office of tax collector. The tax collector of this borough was an office filled by the electors at a regular election, and was, therefore, an elective office.

In Com. v. Schrotnick, 240 Pa. 57, the Supreme Court says: "The power of council to declare a vacancy is purely statutory, and if the statute does not confer the power, it does not exist. . . . There are statutes giving borough councils the power to fill vacancies under certain circumstances, but that is a very different thing than the declaring of a vacancy for the purpose of filling it by appointment."

In Com. v. Reid, 265 Pa. 328, the court says: "With us, municipalities have no powers save such as are expressly conferred by statute or are reasonably to be implied from the powers actually granted. . . . As it is, the people are entitled to the services of the officer during the entire term for which they elected him (citing with approval Lloyd v. Smith, 176 Pa. 213), unless he be removed in the way prescribed by the Constitution, if the officer is a constitutional officer, or by the legislature, or under its authority, in the manner provided by Constitution or statute, if the officer is not a constitutional officer."

In Com. ex rel. v. Likeley, 267 Pa. 310, the court says, in discussing the provisions of article VI, section 4, of the Constitution of Pennsylvania in reference to the removal of public officers: "Under the new Constitution, there are three kinds of removal, to wit: On conviction of misbehavior or crime, at the pleasure of the appointing power, and for reasonable cause, on the address of two-thirds of the Senate. All officers are subject to the first kind, appointed officers to the second, and elected officers to the third. It seems to us very clear that the word 'officers' here is used in the same sense throughout the section, so far as their classification into State, county and municipal is concerned."

Houseman v. Com. ex rel., 100 Pa. 222, and Com. ex rel. v. Reid, 265 Pa. 328, are authority for the principle that the office of tax collector in a borough is a municipal officer, and as such comes within the terms of said article VI, section 4, of the Constitution.

If, however, the tax collector failed to perform his duties or for some other good and sufficient reason he should be removed, the municipalities of the

Commonwealth ex rel. *v.* Swissvale Borough.

State are not powerless, as the court pointed out in Com. ex rel *v.* Reid, 265 Pa. 328, because they may still have relief by means of the use of the Act of May 26, 1897, P. L. 108, which permits the Courts of Common Pleas, upon proper petition and proof, to remove a tax collector if the facts warrant such a removal. The Act of May 17, 1917, P. L. 221, giving the authority to the county commissioners to elect a tax collector in case of a vacancy, reads as follows: "That if any vacancy shall occur in the office of tax collector, after any borough or township election, by reason of the erection of any new township or borough; or if the duly qualified electors of any borough or township shall fail to elect a tax collector; or when a tax collector that has been elected shall fail to qualify, or he shall fail or neglect to perform the duties of such office, or shall neglect to give bond on or before the fourth day of the term of Quarter Sessions ensuing his election; or if any other vacancy shall occur by death, resignation or otherwise, the county commissioners of the county in which such vacancy exists shall fill such office by appointing a suitable person, resident of the district in which such vacancy exists. Such appointment shall be for the unexpired term, and upon petition of the borough council or the supervisors or the township commissioners or of ten citizens of the borough or township in which such vacancy exists."

The county commissioners had before them a petition signed by more than ten electors of the school district, asking that a vacancy be declared, but nowhere in this petition, upon which the county commissioners based their selection of the relator in the case, can there be found any statement to the effect that there is an existing vacancy. Had the proper procedure been followed and a vacancy declared by the proper judicial tribunal, under the act of this Commonwealth governing the same, prior to the time that the county commissioners appointed the relator, then there can be no doubt of the right of the county commissioners to appoint some suitable person to fill this vacancy. We can find no statutory authority anywhere in the books which would authorize or warrant the Council of the Borough of Swissvale to declare a vacancy in the office of tax collector. There has been none of the delinquencies enumerated in the Act of 1917, shown in connection with the elected tax collector in the present case. It is very strongly urged upon us, however, by the relator, that the tax collector, Hodge, had failed to file his bond; but he is not required to file a bond unless demand is made upon him by the school board, and, after demand made, he then has fifteen days in which to file his bond, under the School Code, and we have no evidence before us of any demand upon the part of the school board for a bond to be given by Hodge, and this would be perfectly reasonable on account of the fact, under the system regulating and governing the collection of taxes in the borough, the tax duplicate fixing the amount of the taxes was not deliverable into the hands of the tax collector until sometime during the month of June.

We are, therefore, for the reasons above stated, clearly of the opinion that, at the time the county commissioners made the appointment of the relator as Tax Collector for the School District for the Borough of Swissvale, no legal vacancy existed, and that, therefore, as a result, the appointment of the relator as Tax Collector for the School District of the Borough of Swissvale was illegal and without any binding force and effect, so that the relator, therefore, has no right whatsoever to have delivered to him the tax duplicates and warrant authorizing the collection of taxes by the defendants in this case. Therefore, relator's suit must fail, and the petition for the mandamus must be dismissed, at the costs of the relator.

From Edwin L. Mattern, Pittsburgh, Pa.