## Appointment of Township Auditor by Court

Arnold, Deputy Attorney General, September 13, 1932.—You have called our attention to section 520 of The First Class Township Law of June 24, 1931, P. L. 1206, which authorizes townships of the first class to provide for the audit of their accounts by a single auditor appointed by the court of common pleas

instead of by three elected auditors or a controller. You then ask the following questions:

"1. Has the court authority under the act to appoint an auditor in townships of the first class who shall audit the accounts of the school district when the term of office of the legally elected auditors has not expired?

"2. Should the court appoint an auditor under said act, would the auditors elected continue in office and the school district be required to compensate both the auditor appointed by the court and the duly elected auditors for auditing the accounts of the school district?"

Section 520 of The First Class Township Law, to which you refer, provides as follows:

"Any township may, instead of electing three auditors as above provided or one controller as hereinafter provided, provide, by ordinance, for the audit of its accounts by an auditor appointed by the court of common pleas of the county, who shall be either a person or firm licensed as a certified public accountant, or a person skilled in auditing work; and where such an ordinance is so adopted, such auditor shall be appointed by the court, on or before the first Monday of January each year, to audit the accounts of the township for the fiscal year then closing. Any such appointed auditor shall have and possess all the powers and perform all the duties provided in this act for elected auditors. The compensation of any such appointed auditor shall be fixed by the court. In townships so providing by ordinance for an appointed auditor, the office of elected auditor is hereby abolished."

Under sections 2601, 2603 and 2604 of the School Code of May 18, 1911, P. L. 309, the finances of school districts in townships are audited by the township controller or auditors.

The legislative provision which is the immediate cause of your inquiry is the following portion of section 104 of The First Class Township Law:

"Any person, holding office under any act of assembly repealed by this act, shall continue to hold such office until the expiration of the term thereof, subject to the conditions attached to such office prior to the passage of this act."

In our opinion, this provision of section 104 presents no difficulty in the present situation. The substitution of an appointed auditor for an elected controller or auditors is not brought about by the repeal of any prior law, but by the express terms of section 520 of the same act of assembly. Therefore, we may dismiss section 104 from further consideration.

The rest is simple. The legislature has directed that upon appointment of a single auditor by the court of common pleas, the office of elected auditor shall cease to exist. When that occurs the terms of auditors previously in office end immediately.

The office of township auditor is not a constitutional office, but exists solely by will of the legislature. In a long line of cases it has been consistently held that the legislature may at any time abolish such an office and thereby oust the incumbent during the running of the term for which he was elected or appointed: Milford Township Supervisors' Removal, 291 Pa. 46, 51 (1927); Lloyd v. Smith, 176 Pa. 213 (1896), and cases there cited; Com. v. Weir, 165 Pa. 284 (1895).

Therefore, in our opinion, it is clear that under section 520 of The First Class Township Law, where an appropriate ordinance has been adopted, the court of common pleas has authority to appoint a single auditor to audit the finances of a first class township although the terms of elected auditors have not expired. And it is equally clear that the elected auditors do not continue in office after the appointment of the new auditor by the court of common pleas.

From C. P. Addams, Harrisburg, Pa.