[S. F. No. 15445. In Bank.—August 2, 1935.]

CLINTON L. BYERS et al., Petitioners, v. R. H. SMITH, as City Personnel Director, etc., Respondent.

Clinton L. Byers, Gilmore Tillman, H. B. Daniel, James J. Breckenridge and Harry S. Clark, *in pro. per.,* for Petitioners.

Gray, Cary, Ames & Driscoll for Respondent.

THE COURT.—The petitioners in this case seek the issuance of the writ of mandate compelling respondent to endorse upon the payroll of the city of San Diego that petitioners have been elected and appointed to perform services and did perform services for the city during the period from May 3 to May 15, 1935, and that their salary for such services is at the rate claimed in their petition.

The controversy arises out of the following facts: Byers was elected city attorney in 1932. · The other petitioners are his assistant and deputies. On February 25, 1935, an accusation by the grand jury was filed charging the city attorney with misconduct in office. The accused entered his denial and on April 24, 1935, a jury returned its verdict against him. There followed a motion for a new trial, a denial thereof, and · on May 3, 1935, an appeal to the District Court of Appeal from the judgment removing him from office, entered upon and pursuant to the jury's verdict. On May 4th the trial judge signed a writ of probable cause, and thereafter and on May 23, 1935, the District Court of Appeal issued its order staying the execution of the judgment and all proceedings thereunder until the further order of the court.

In order that we may fully understand the contentions of respondent it is well at this time to set forth section 770 of the Penal Code, which reads as follows:

"Appeal, how taken. Defendant to be suspended and vacancy filled. From a judgment or decree of removal from office under any provision of this chapter, an appeal may be taken to the supreme court in the same manner as from a judgment in a civil action but until such judgment is reversed, the defendant is suspended from office after thirty days from the entry of the judgment, unless within such thirty days there shall be filed in the office of the clerk of the court in which the conviction was had, a certificate of a judge of the superior court that in his opinion there is probable cause for the appeal. If a bill of exceptions is not settled in time to be used upon an application for such a certificate or within twenty days after such judgment is entered, the error relied upon may be presented to such judge in any manner satisfactory to such judge. If no such certificate be filed within thirty days the office must pending the appeal be filled as in case of a vacancy. Appeals taken under this section

shall be entitled in the appellate court to priority in hearing over all cases except such as have been advanced upon its calendar by special order of such appellate court.''

The section just quoted was held to be unconstitutional in the case of *People* v. *McKamy*, 168 Cal. 531 [143 Pac. 752], upon the ground that it constituted an attempt to vary the constitutional grant of jurisdiction to the court. In 1928, however, section 4b of article VI of the Constitution was amended so as to confer upon the District Court of Appeal, appellate jurisdiction ''in proceedings of . . . removal from office''. Section 996 of the Political Code provides in part that ''an office becomes vacant'' upon ''the removal from office'' of the officer.

In brief, it is the contention of respondent that the superior court could not stay the execution of the judgment by the issuance of the certificate of probable cause for the reason that the section providing therefor has been declared unconstitutional, and under settled principles of law was not restored to vitality by the subsequent removal of the constitutional inhibition. He also asserts that the office of city attorney became vacant when judgment was rendered. The further contention is advanced that the petitioners other than Byers lost their positions with the former's removal from office, and he says that the order staying execution issued by the District Court of Appeal is subject to being vacated.

Petitioners' arguments are obvious. They assert that the judgment is stayed, and further assuming that such is not the case the deputies are retained under the general civil service provisions of the charter of the city.

As not infrequently occurs, the problem presents an instance where different public policies conflict. In the first place, we are confronted with the fact that the public is entitled to be speedily protected against the unfaithful public servant. Such is the effect of *McKannay* v. *Horton*, 151 Cal. 711 [91 Pac. 598, 121 Am. St. Rep. 146, 13 L. R. A. (N. S.) 661], wherein it was held that conviction of a felony constituted a removal from office of a mayor regardless of the outcome of the appeal. In the second place, the people have seen fit to grant the accused an appeal before it be finally determined that he has been unfaithful. In other words, they have declared a policy to the effect that a duly elected official shall not be deprived of his office by removal proceedings

until his unworthiness is established by a final judgment. No doubt this later policy is somewhat affected by the fact that if upon appeal the judgment should be reversed the political subdivision would be under the necessity of paying the remuneration for the entire period under the authority of *Ward* v. *Marshall*, 96 Cal. 155 [30 Pac. 1113, 31 Am. St. Rep. 198], which case was decided under the assumption that section 770 of the Penal Code made valid provisions for an appeal. The fact, however, remains, as is said in *Commonwealth of Pennsylvania* v. *Reid*, 265 Pa. 328 [108 Atl. 829] : " . . . [T]he people are entitled to the services of the officer during the entire term for which they elected him (*Lloyd* v. *Smith*, 176 Pa. 213 [35 Atl. 199]), unless he be removed in the way provided by the constitution, if the office is a constitutional office (*Bowman's Case*, 225 Pa. 364 [74 Atl. 203]), or by the legislature or under its authority in the manner provided by constitution or statute, if the officer is not a constitutional officer. (*Commonwealth* v. *Weir*, 165 Pa. 284, 288 [30 Atl. 835].)"

With respect to the right of the public to be speedily protected against the official who is guilty of wrongdoing, it is to be noted that where the offense constitutes a felony his conviction after indictment returned or information filed operates as a removal from office (see *McKannay* v. *Horton*, *supra*) of one who is not a constitutional officer. But where the grand jury cannot or does not return an indictment, but only an accusation, in what manner may the constitutional right of the official to an appeal be protected if upon judgment he must be immediately removed? The answer is found, we think, in section 187 of the Code of Civil Procedure, which expresses a well-known rule of law (see 15 C. J., sec. 446) in these words: "When jurisdiction is, by the constitution or this code or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of procedure may be adopted which may appear most conformable to the spirit of the code."

It must be true that where jurisdiction is conferred by the Constitution, the power is conferred to adopt such measures and rules as will render the constitutional grant

effective and operative, otherwise the legislature might by mere inaction defeat the will of the people expressed in the fundamental law. But the legislature has not the power, either through direct enactment or indirect device, to destroy or abridge the right of an appeal constitutionally granted. (*In re Sutter-Butte By-Pass Assessment,* 190 Cal. 532 [213 Pac. 974].)

It remains for us to determine whether the procedure adopted in the present case is reasonably adapted to make effective and operative the constitutional grant, bearing in mind the right of the public to be protected. We have already observed that upon conviction of a felony the official is removed. We have no doubt that in the exercise of a sound discretion the trial judge would, where the public interest required it, refuse to issue a writ of probable cause and that the appellate court in which the appeal was pending would likewise decline to issue a stay. But we can conceive of no better solution than to say that the procedure which was followed here and which was outlined in section 770 of the Penal Code before it was declared void, subject to the right of the court in which the appeal is pending to intervene, for the complete exercise of its appellate jurisdiction is reasonably adapted to protect the interests of the public and the constitutional right of the official. Our conclusion is that the judgment is stayed and that no steps to compel petitioners to vacate may be taken and that during the continuance of the stay the petitioner Byers is entitled to exercise all the privileges of his office and be compensated therefor.

The respondent in his return to the alternative writ sets up that the petitioner Byers is entitled to be paid monthly, and not semi-monthly. We think this can make no difference to the issuance of the writ for the reason that petitioners seek only to compel respondent to endorse upon the payroll the fact that petitioners have been the duly elected or appointed officers and performing services for the city from May 3d to May 15th, in accordance with the charter of the city, and at the rate of salaries fixed. If it be a fact that Byers' salary is not yet due we do not understand that the peremptory writ will compel it to be paid until the time for payment arrives.

The peremptory writ will issue.